In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00148-CR
_____

EX PARTE MARITZA DELSONGA RODRIGUEZ

_____

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 11-12-13384 CR

_____

MEMORANDUM OPINION

Maritza Delsonga Rodriguez appeals from the trial court's denial of her application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072 § 8 (West 2005). In her sole appellate issue, Rodriguez argues that the trial court erred by denying her application because her trial counsel provided ineffective assistance by failing to advise her that a guilty plea would render her removable from the United States. We affirm the trial court's judgment.

Rodriguez pleaded guilty to the third-degree felony offense of possession of marijuana in an amount greater than five pounds but less than fifty pounds.[1] The trial court found the evidence sufficient to find Rodriguez guilty, but deferred further proceedings and placed Rodriguez on community supervision for three years. Rodriguez subsequently filed an application for writ of habeas corpus, in which she asserted that she was not advised that her guilty plea would result in deportation. In an affidavit filed with her application, Rodriguez averred that trial counsel did not advise her that a guilty plea made her removal or deportation presumptively mandatory. Rodriguez also averred that trial counsel advised her only that her plea could result in deportation, exclusion from admission, or denial of naturalization. Rodriguez further averred that if trial counsel had correctly informed her regarding the immigration consequences of her plea, she would not have pleaded guilty and would have insisted on going to trial.

The trial court ordered Rodriguez's trial counsel to provide an affidavit describing the advice he gave Rodriguez concerning the immigration consequences of her plea. In his affidavit, trial counsel averred as follows, in pertinent part:

> I advised Maritza that I was not an immigration attorney and that I could not tell her what the immigration consequences of entering the plea would be, but that . . . even though it was deferred probation,

[1]The appellate record does not contain the reporter's record of the plea hearing or the trial court's written admonishments to Rodriguez.

2

there still could be immigration consequences. I told her I could not predict what immigration would do, but that she should consult an immigration attorney. I advised her that if she did not accept a plea that being successful at trial was clearly not certain, and that she could be waiting in jail for an undetermined period of time to get to trial. Upon my advi[c]e Mar[it]za entered a plea to the charge of possession of a controlled substance.

Prior to Maritza's plea I did not tell her that a guilty plea would make her removal or deportation presumptively mandatory, nor that her plea made her subject to automatic removal or deportation.

Prior to Maritza's plea, I told her only that her plea could result in her deportation, exclusion from admission, or denial of naturalization as that was my understanding of the law.

In a response to Rodriguez's application, the State argued that Rodriguez failed to show that rejecting a plea bargain would have been rational under the circumstances because Rodriguez had no viable defense to the charge. The State attached as an exhibit a narrative from the Montgomery County Sheriff's Office describing the traffic stop that led to the charge against Rodriguez. According to the narrative, Deputy K.A. Wakefield was patrolling on Interstate 45 when he saw a vehicle change lanes twice without using a turn signal. Deputy Wakefield initiated a traffic stop and went to the passenger side of the vehicle to speak with the driver. As Deputy Wakefield passed the rear passenger side of the vehicle, he noticed that both rear windows were open and he smelled a strong odor of unburned marijuana. Rodriguez was the driver. When the passenger rolled down

her window, Deputy Wakefield "noticed an extremely strong smell of perfume coming from inside the vehicle." While examining the identification provided by Rodriguez and the passenger, Deputy Wakefield asked about the perfume, and the passenger told him she had just applied the perfume. When Deputy Wakefield asked the women where they were coming from, Rodriguez advised that they were returning to Dallas after traveling to the Nicaraguan Consulate in Houston. Both women appeared to be nervous and looked at each other for answers to Deputy Wakefield's questions. When Deputy Wakefield asked about the odor of marijuana, "both females looked at each other with no response." Deputy Wakefield asked whether there was any kind of contraband in the vehicle, and Rodriguez said "there was none that she knew of" and consented to a search of the vehicle. Upon searching a duffel bag on the rear driver's side seat and a suitcase, Deputy Wakefield found bundles of a substance he believed to be marijuana. The bundles were wrapped with green plastic shrink wrap. One of the bundles weighed 22.25 pounds, and the other bundle weighed 8 pounds. Deputy Wakefield also found a plastic shrink wrap dispenser and a five-pound postal-type scale in the rear area of the vehicle.

The trial court denied Rodriguez's application for writ of habeas corpus and filed findings of fact and conclusions of law. In its conclusions of law, the trial

court found that Rodriguez "failed to prove by a preponderance of the evidence that she was denied her right to the effective assistance of counsel at the time of the entry of her plea[;]" the immigration consequences of Rodriguez's plea "appear to have been reasonably clear[;]" trial counsel "may not have rendered constitutionally adequate performance by failing to ascertain and inform the applicant of the immigration consequences of her plea[;]" Rodriguez "failed to prove that it would have been rational for her to reject the plea bargain and instead proceed to trial, because she had no viable defenses to the charge against her[;]" Rodriguez "failed to prove that she was prejudiced by [trial counsel]'s deficient performance, if indeed his performance was deficient[;]" and "[a]ssuming, without deciding, that the applicant met the first prong of *Strickland*,[2] the applicant is not entitled to relief due to her failure to meet the second prong of *Strickland*."

We review a trial court's denial of an application for writ of habeas corpus under an abuse of discretion standard. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Id*. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially those findings that are based on an evaluation of credibility and

---

[2]*Strickland v. Washington*, 466 U.S. 668, 688 (1984).

demeanor. *Id*. We afford the same deference to the trial court's rulings on application-of-law-to-fact questions when resolution of those questions turns on an evaluation of credibility and demeanor. *Id*. We review the trial court's determination *de novo* when resolution of those questions turns on an application of legal standards. *Id*.

The voluntariness of a plea entered upon the advice of counsel turns on whether (1) counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). When the law is not succinct and straightforward, a defense attorney need only advise a noncitizen client that pending criminal charges may carry a risk of deportation. *Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473, 1483, 176 L.Ed2d 284 (2010). If a deportation consequence is truly clear, such as when the client is subject to automatic deportation, the duty to give correct advice is equally clear and constitutionally competent counsel must advise the client accordingly. *Id*. at 1478, 1483. The defendant must show that a decision to reject the plea bargain would have been rational under the circumstances. *Id*. at 1485.

Any alien in and admitted to the United States shall be removed if he has been convicted of a violation of any state law or regulation relating to a controlled substance, with a narrow exception for a single offense involving possession for one's own use of thirty grams or less of marijuana. 8 U.S.C.A. § 1227(a)(2)(B)(i) (West 2005 & West Supp. 2010); *see Padilla*, 130 S.Ct. at 1477 n.1 ("[V]irtually every drug offense except for only the most insignificant marijuana offenses, is a deportable offense under 8 U.S.C. § 1227(a)(2)(B)(i)."); *see also* 8 U.S.C.A. § 1101(a)(48) (West 2005) (Defining the term "conviction"). Thus, trial counsel's general advice to Rodriguez that "even though it was deferred probation, there still could be immigration consequences" was insufficient to inform her that her plea of guilty to possession of marijuana subjected her to presumptively automatic deportation. *See Padilla*, 130 S.Ct. at 1478, 1483.

However, Rodriguez must also show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *See Harrington*, 310 S.W.3d at 458. If Rodriguez had rejected the plea bargain, proceeded to trial, and been convicted, she would have faced both confinement and the risk of automatic deportation. In addition, the record that was before the trial court does not show that Rodriguez had any valid defense to the charge. In her appellate brief, Rodriguez argues that she lacked

affirmative links to the marijuana. However, Rodriguez did not make this argument to the trial court in her application for writ of habeas corpus, and given the contents of Deputy Wakefield's narrative of the traffic stop and search of the vehicle, the appellate record does not support Rodriguez's contention that she lacked affirmative links to the marijuana. *See Nixon v. State*, 928 S.W.2d 212, 215 (Tex. App.—Beaumont 1996, no pet.) (Among the factors that tend to establish affirmative links between the accused and the contraband when the accused was not in exclusive possession of the area where the contraband was found are that (1) the contraband was conveniently accessible to the accused, (2) the contraband was found in close proximity to the accused, (3) a strong residual odor of contraband was present, (4) the accused's conduct indicated a consciousness of guilt, and (5) the place where the contraband was found was enclosed.). Rodriguez failed to establish that a decision to plead not guilty and to instead proceed to trial would have been rational under the circumstances. *See Padilla*, 130 S.Ct. at 1485.

Viewing the facts in the light most favorable to the trial court's ruling, we conclude that Rodriguez failed to establish that ineffective assistance of counsel rendered her plea involuntary, and the trial court accordingly did not abuse its discretion by denying Rodriguez's application for a writ of habeas corpus. *See*

8

*Harrington*, 310 S.W.3d at 458; *see also Klem*, 269 S.W.3d at 718. We overrule

Rodriguez's sole issue and affirm the trial court's order denying habeas relief.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on August 21, 2013
Opinion Delivered September 4, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.