Ex parte Jeffrey A. KLEM.

Nos. 09–08–212 CR, 09–08–213 CR, 09–08–214 CR.

Court of Appeals of Texas, Beaumont.

Submitted July 24, 2008.

Decided Oct. 22, 2008.

Dick DeGuerin, Neal Davis, DeGuerin & Dickson, Houston, for appellant.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

CHARLES KREGER, Justice.

These are accelerated appeals from the trial court's denial of the appellant Jeffrey A. Klem's (Klem) applications for writ of habeas corpus. Klem contends his guilty pleas were unknowing and involuntary because they were induced by promises and representations made to him by his attorneys regarding the disposition of two separate but similar cases pending in Harris County, Texas. We affirm the trial court's ruling.

## FACTUAL BACKGROUND

In December of 2006 Klem was indicted on three counts of Indecency with a Child in Jefferson County, Texas. In July of 2007, Klem was indicted on two counts of Indecency with a Child in Harris County, Texas. Pursuant to a plea bargain agreement on August 14, 2007, Klem pled guilty in all three Jefferson County cases to Injury to a Child, in violation of section 22.04(a)(2) of the Texas Penal Code, and received ten years deferred adjudication along with the requirements that he comply with certain community supervision restrictions. *See* TEX. PENAL CODE ANN. § 22.04(a)(2) (Vernon Supp.2008). In exchange for his guilty pleas, the charges of Indecency with a Child were dismissed.

Upon request by the State at the plea hearings, Klem was orally admonished by

the trial court as to the specific enumerated terms and conditions of probation that the State was requiring as part of the plea agreement and Klem verbally responded on the record that he understood each of the terms and conditions and verbally accepted them. Thereafter, Klem pled guilty in each cause and in each, he was given extensive oral and written admonishments by the trial court to determine whether his plea was made knowingly and voluntarily in accordance with article 26.13 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp.2008). As part of the oral admonishments by the trial court, the judge asked Klem if he had read the information and discussed it fully with his attorneys and asked, "You swear under oath you've committed each and every element alleged in the information?" Thereafter, Klem responded, "[Y]es, sir."

After Klem entered his pleas of guilty with respect to each of the three charges, and the Court found that each guilty plea was made knowingly and voluntarily, the Court asked again:

THE COURT: Mr. Klem, I'm going to ask you: Did you understand everything that happened today?

THE DEFENDANT: Yes, sir.

THE COURT: You are on deferred or unadjudicated probation for three separate offenses. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything about any of the statements that were made, the rights you have given up, the issues of law that we have discussed that you need clarification or further discussion over?

THE DEFENDANT: No, sir.

THE COURT: All right. You insist on pleading guilty to each of these three cases today?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Anything further from either of the parties at this time on the record?

DEFENSE COUNSEL: Not from the defense, Your Honor.

Significantly, while Klem was represented at the Jefferson County plea hearings by both his Jefferson County counsel and Harris County counsel, no condition of the two pending Harris County cases was ever mentioned to the trial judge or otherwise discussed during the Jefferson County plea hearings other than in the written plea agreement. The only plea agreement term relating to the Harris County cases expressly provided that the Jefferson County sentences would run concurrently with each other and with those which may be entered in the Harris County cases.

Two days after Klem pled guilty in Jefferson County, Klem's Harris County counsel and the Harris County prosecutor approached the trial judge about making Klem the same offer in Harris County that he had been given in Jefferson County. At that point in time, the judge stated she would not accept such a plea agreement. Immediately following the judge's rejection of the proposed plea agreement, the Harris County prosecutor met with Klem's attorneys, all of whom were present at the docket call, to discuss the disposition of the Harris County cases. According to the attorneys, the prosecutor stated she would dismiss the Harris County cases, but that she would need to meet with the complainants first. Some time later, the prosecutor refused to dismiss the Harris County charges. The record does not clearly show when Klem or his attorneys first learned that the Harris County cases would not be dismissed and the testimony is conflicting.

On January 24, 2008, Klem filed applications for writ of habeas corpus claiming his

pleas in Jefferson County were unknowing and involuntary because he was

(1) induced to plead guilty based on [the Harris County prosecutor's] representation that if Klem pled in the [Jefferson County] cases, he would get the same deal in Harris County or the cases would be dismissed, which never occurred, in violation of the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 13 and 19 of the Texas Constitution as well as *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and its progeny[, and]

(2) induced to plead guilty based on his lawyers' representations, regardless of what [the Harris County prosecutor] in fact said, in violation of the effective assistance of counsel clauses of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Texas Constitution as well as *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and its progeny.

After a hearing, the trial court denied Klem's applications for writ of habeas corpus and these appeals ensued. We note that on appeal, Klem is contending his pleas of guilty to the Jefferson County charges were not knowing or voluntary because they were induced by misrepresentations by his counsel—that regardless of any agreements his attorneys actually had with prosecutors, he was induced to plead guilty by his lawyers' promises that, if he pleaded guilty in Jefferson County, he would receive the same outcome in similar cases pending in Harris County or the Harris County cases would be dismissed.[1]

On April 4 and 23, 2008, an evidentiary hearing was held in Jefferson County on Klem's writ of habeas corpus applications. Both the Harris County and Jefferson County prosecutors testified at the evidentiary hearing. In addition, Klem supported his applications with the affidavits of Klem's trial attorneys setting forth the representations that had been made to them by the Harris County prosecutor regarding the disposition of the Harris County cases, as well as the representations they had made to Klem regarding the same. The attorneys' affidavits were reviewed and considered by the trial court, along with the court's own recollection of the events.

Klem's Jefferson County counsel stated in an affidavit that he had advised Klem to explore the possibility of plea negotiations to avoid trials and the possibility of prison time. According to counsel, Klem agreed and did not want to be exposed to the possibility of being convicted and spending time in prison. Additionally, counsel stated that one of the main concerns during plea negotiations was to avoid the requirement of registration as a sex offender. As a result of the plea negotiations, the Jefferson County prosecutor agreed to dismiss the pending Indecency with a Child cases, in exchange for guilty pleas to the charge of Injury to a Child in the three Jefferson County cases.[2] It was Klem's Jefferson County counsel's concern that the same deal should be struck in the two

---

1. Although Klem appeals the trial court's ruling on his applications for writ of habeas corpus, Klem is no longer asserting either his *Santobello* breach of plea bargain argument or his *Strickland* ineffective assistance of counsel arguments as asserted before the trial court.

2. The injury to a child charges do not require registration as a sex offender under Texas law.

pending Indecency with a Child cases in Harris County. However, Klem's Harris County counsel was negotiating with the Harris County prosecutor.

Klem's Jefferson County counsel also stated that in the days immediately preceding the finalization of the Jefferson County plea agreement, he had conversations with the Jefferson County prosecutor expressing a desire that he contact Harris County to "confirm that an agreement in Harris County would not be more onerous than the agreement in Jefferson County." According to Klem's counsel, the Jefferson County prosecutor informed him that the Harris County prosecutor was in agreement with making the same offer that the prosecutor made in Jefferson County. The Jefferson County counsel stated that after learning that the Harris County prosecutor was on board with making the same offer in Harris County, he requested that the Jefferson County prosecutor obtain an agreement from the Harris County prosecutor in writing. However, the Jefferson County prosecutor ultimately informed Klem's Jefferson County counsel that there was a "glitch" in the negotiations in Harris County because the prosecutor did not want to put an agreement in writing and needed to speak with the Harris County judge about the plea. The Jefferson County prosecutor testified that shortly before the guilty pleas in Jefferson County, he called Klem's Jefferson County counsel and told him that there was no deal in place in Harris County, and the Jefferson County counsel said Klem wanted to go through with the plea anyway. The Jefferson County counsel stated that further discussions took place between the Jefferson and Harris County prosecutors

and that his understanding was that the Harris County prosecutor ultimately agreed that if the judge in Harris County would not honor the same plea offer and agreement, the prosecutor would dismiss the Harris County cases. However, no written plea bargain agreement was ever obtained in Harris County nor was any agreement with Harris County ever made a condition of the Jefferson County plea agreement except as previously noted herein.

The Jefferson County counsel further stated in his affidavit that he spoke with the Jefferson County prosecutor again on the day prior to the Jefferson County plea hearing and told the Jefferson County prosecutor he had advised Klem that the Harris County prosecutor would offer the same deal in Harris County or dismiss the cases. According to counsel, the Jefferson County prosecutor agreed that if the Harris County prosecutor, or judge, did not want to follow the same agreement as in Jefferson County, then the Jefferson County prosecutor would agree to a motion for new trial in Jefferson County.[3] The Jefferson County counsel related this information to Klem prior to his guilty plea. In the Jefferson County counsel's affidavit, he stated, "[The Harris County counsel] and I related to [Klem] that if the prosecutor reneged on her agreement then we could file a motion for new trial on the cases in Jefferson County, and the Jefferson County prosecutor would agree to it." The Jefferson County counsel averred that after he learned that Harris County would not dismiss the cases, the Jefferson County prosecutor informed him that he would not oppose a motion for new trial in Jefferson County if Klem filed one. The Jeffer-

---

3. The Jefferson County prosecutor disputed this testimony at the hearing on Klem's applications for writ of habeas corpus and testified that any discussions that he had with Klem's Jefferson County counsel about potential motions for new trial came after the plea and were related to something totally different.

son County counsel further averred that both he and Klem's Harris County counsel related such information to Klem "in a timely fashion and [Klem] elected not to seek a new trial." Klem's Harris County counsel provided sworn testimony by affidavit stating, "[The Jefferson County counsel] and I told [Klem] the Harris County District Attorney would fulfill the agreement, or he could file a motion for new trial and the Jefferson County DA would not oppose it."

Klem, in his affidavit, does not dispute that his attorneys told him that he "could file a new trial motion, and the Jefferson County District Attorney would not oppose it, if the Harris County District Attorney's Office did not follow through with the deal," but contends that the deadline passed before the deal fell through. Klem's affidavit stated as follows:

My lawyers and I never filed a motion for new trial because I understood the Harris County District Attorney to say, after [the] Judge ... rejected the same plea agreement that I had in Jefferson County, that the Harris County cases would be dismissed. The new trial motion deadline therefore passed before it became apparent I would not receive in Harris County the same deal I got in Jefferson County or a dismissal.

On March 11, 2008, while Klem's habeas applications were still pending, a pretrial motion hearing took place in the Harris County cases. At this pretrial motion setting, the Harris County prosecutor, who was then handling the Harris County cases, and newly retained Harris County counsel for Klem, approached the Harris County judge to discuss a possible plea agreement. In light of the pending applications for habeas relief, the prosecutor asked the judge if she would accept a plea

and agree to deferred adjudication for Klem if 1) the prosecutor dismissed the Indecency with a Child cases; and 2) filed Injury to a Child cases, tracking the language of the Injury to a Child informations in Jefferson County. The judge indicated she would accept a guilty plea under those circumstances, however, Klem would have to state that he committed the acts as stated in the information. After taking a break to meet with his client, the new Harris County counsel informed the court that Klem would not agree to verbally state, in conjunction with his guilty plea, that he had touched the breast or touched the genitals of either of the complainants.[4] The judge refused to accept the plea agreement under any other circumstances. The Harris County cases remained pending when Klem's applications for habeas corpus were heard in April of 2008.

The Harris County prosecutor testified regarding the State's position that Klem was ultimately offered the same deal in Harris County that he got in Jefferson County (deferred adjudication for a plea of guilty on injury to a child charges in both cases), but Klem rejected it because of the trial judge's condition that he verbally state his wrongdoing as set forth in the information. Harris County contended at the habeas hearing that it had lived up to the oral agreement. Following a full evidentiary hearing, the trial court denied the relief requested in the habeas corpus application.

The trial court issued a written order setting forth comprehensive and cogent findings of fact and conclusions of law. In its findings of fact the court found that "[t]he only plea agreement term relating to the Harris County cases expressly provided that the Jefferson County cases

---

**4.** As part of his plea of guilty to the Jefferson County charges, Klem admitted in open court

that he was guilty of each and every element alleged in the information.

would run concurrently with each other and the Harris County cases." The court found that "[n]othing else relating to the Harris County cases was ever mentioned on the record by the Defendant or the attorneys as part of the guilty plea hearing ...." In addition, the court made the following findings of fact:

8. This Court finds that Klem, his attorneys, and the State's legal counsel all had ample opportunity to inform the Court during the guilty plea proceeding if the disposition of the Harris County cases had actually been material and conditional to the plea agreements submitted in these cases, except to the extent the cases would run concurrently. Courts must rely on candor of the attorneys. There was no hint to the Court by any of the parties that there might be other plea agreement terms not included in the written plea agreement.

9. Upon reliance of the representation of the parties, the Court considered and accepted the plea agreement in these cases which, in relation to the Harris County cases, only stated that the Jefferson County cases would run concurrently with the Harris County cases. It cannot be emphasized enough that nothing more was expressed by the parties in this regard.

10. Affidavits in this matter were filed by Klem and his attorney who represented him at the guilty plea hearings. Those affidavits tend to support Klem's Applications. However, this Court finds that those affidavits directly contradict the affiants' express and implied assertions to the Court made at the guilty plea hearing. Applicant failed to present any plausible reasons for the disparities.

The Court concluded that Klem failed to make the requisite showing for ineffective assistance of counsel under *Strickland v.* *Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and that "any discussions, representations, or communications between Klem and his attorneys concerning the potential dispositions of his Harris County cases, if such occurred, did not induce Klem to involuntarily or [unknowingly] plead guilty in these cases." The court also concluded that "they were opinions and predictions concerning potential outcomes of the Harris County cases." The court further stated,

H. This conclusion is corroborated by the information presented by Klem's attorney at the hearing on April 23, 2008. There, it was presented that, subsequent to the entry of guilty pleas in the Jefferson County cases, and at the time of the hearings on these Applications, Klem's attorneys have been negotiating over the plea agreement terms of the Harris County cases. Those negotiations appear to be, even now, evolving and involve terms distinct from and different than the Jefferson County plea agreements. Klem fails to show that there was a material condition of the plea agreements in these cases that the Harris County cases would be disposed of similar to the Jefferson County cases.

I. Under oath, Klem pleaded guilty in all three cases. He signed sworn documents admitting he understood the charges, had discussed them with his attorneys, and he had committed each and every element alleged in the charges. Klem orally reaffirmed all these representations in open court. In view of the clear admonishments given by this Court during the plea hearing, which both Klem and his attorneys acknowledged they understood, Klem cannot credibly contend that his guilty pleas in these cases were involuntary or unknowing, and that he was denied effective assistance of legal counsel. See

*Messer v. State of Texas,* 757[ ] S.W.2d 820, 826 (Tex.App.-Houston [1st Dist.] 1988). The statements made to Klem by his defense counsel surrounding his guilty pleas in these cases, about the potential dispositions of the Harris County cases, simply constituted counsel's predictions about their hoped-for outcome. *Id.* They were not conditions of the plea agreements in these cases. Klem fails to overcome the presumptions that his guilty pleas were voluntary and knowing.

## ISSUES AND STANDARD OF REVIEW

"We generally review a trial court's decision to grant or deny relief on a writ of habeas corpus under an abuse of discretion standard...." *Ex parte Cummins,* 169 S.W.3d 752, 755 (Tex.App.-Fort Worth 2005, no pet). In reviewing the trial court's decision, we review the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex.Crim.App.2003), *overruled in part on other grounds by Ex parte Lewis,* 219 S.W.3d 335, 371 (Tex.Crim.App.2007). We " 'afford almost total deference to the trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.' " *Peterson,* 117 S.W.3d at 819 (quoting *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997)); *see also Arreola v. State,* 207 S.W.3d 387, 391 (Tex.App.-Houston [1st Dist.] 2006, no pet.). This deferential review applies even when "no witnesses testify and all of the evidence is submitted in written affidavits." *Ex parte Wheeler,* 203 S.W.3d 317, 325–26 (Tex.Crim.App.2006).

■ "We afford the same amount of deference to the trial judge's rulings on 'application of law to fact questions' if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. If the resolution of those ultimate questions turns on an application of legal standards, we review the determination de novo." *Ex parte Urquhart,* 170 S.W.3d 280, 283 (Tex.App.-Dallas 2005, no pet.)(citing *Ex parte Peterson,* 117 S.W.3d at 819). In a habeas proceeding, the applicant has the burden of proving that an error contributed to his or her conviction or punishment. *Ex parte Williams,* 65 S.W.3d 656, 658 (Tex.Crim.App.2001); *Ex parte Cummins,* 169 S.W.3d at 757. We view the record in its entirety to determine whether the trial court abused its discretion in finding that Klem's guilty plea was knowing and voluntary. *See Williams v. State,* 522 S.W.2d 483, 485 (Tex.Crim.App. 1975). An applicant for habeas corpus must prove his allegations by a preponderance of the evidence. *Ex parte Galvan,* 770 S.W.2d 822, 823 (Tex.Crim.App.1989).

■ "A guilty plea's validity depends on whether it was entered voluntarily, knowingly, and intelligently, but if it was entered upon the advice of an attorney, its validity depends on whether counsel was reasonably competent and rendered effective assistance." *Gonzales v. State,* 963 S.W.2d 844, 848 (Tex.App.-San Antonio 1998, no pet.) (citing *Curry v. State,* 861 S.W.2d 479, 483 (Tex.App.-Forth Worth 1993, pet. ref'd)). "To successfully attack a guilty plea on the basis of ineffective assistance of counsel, Appellant must show that counsel's alleged deficiencies, i.e. incompetency, resulted in the plea being unknowingly and involuntarily made." *Id.* (citing *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). We find no error by the trial court in denying Klem's applications for habeas corpus on this ground as there was nothing presented to the trial court that would establish ineffective assistance of counsel nor does

Klem argue this on appeal. Instead, Klem argues a lesser standard. Klem argues on appeal that regardless of any agreements his attorneys actually had with the Harris County prosecutors, his guilty pleas in Jefferson County were induced by his lawyers' representations that he would receive the same outcome in the Harris County cases or those cases would be dismissed. Klem argues that the Harris County court then refused to accept his *Alford*[5] pleas and the prosecutor further refused to dismiss the cases. Because the Harris County charges were not resolved as Klem's counsel represented to him they would be, Klem contends his guilty pleas in Jefferson County were unknowing and involuntary.

### APPLICATION

■■■ "Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of his plea." *Courtney v. State*, 39 S.W.3d 732, 736 (Tex.App.-Beaumont 2001, no pet.) (citing *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex.Crim.App.1999)). "Written admonishments signed by the defendant and the reporter's record showing that the defendant orally represented to the court that he understood the admonitions constitute a prima facie showing that the plea was voluntary." *Id.* (citing

*Fuentes v. State*, 688 S.W.2d 542, 544 (Tex. Crim.App.1985)). If a defendant is duly admonished, the burden then shifts to the defendant to show he entered his plea without understanding the consequences, such that he suffered harm. *Id.* (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App.1998)). Once the defendant attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal his plea was involuntary. *Id.* (citing *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd)).

The trial court thoroughly discussed the plea agreement with Klem and orally admonished Klem regarding the specific terms of his probation under the plea agreement. Klem stated that he signed the written plea agreement voluntarily and had discussed it with his attorneys. Klem stated under oath that he was pleading guilty voluntarily and because he was guilty. Klem swore under oath that he had committed each and every element alleged in the information. He also stated that he was completely satisfied with the representation of his legal counsel. We note that after accepting all Klem's guilty pleas, the Court specifically asked Klem, "[i]s there anything about any of the statements that were made, the rights you have

---

**5.** Klem contends that his guilty pleas in Jefferson County were *Alford* pleas. Accordingly, Klem cites *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), for his contention that an *Alford* plea is a plea in which a person claiming innocence might nevertheless enter a binding guilty plea when he fears that a jury may find him guilty, despite his claim of innocence, and impose a harsher sentence than the one offered in the plea bargain. Accordingly, Klem asserts on appeal that while he answered affirmatively when the trial court asked him if he was pleading guilty because he was guilty, "he answered affirmatively in the context of a litany of routine, perfunctory plea questions, and nothing in the colloquy indicates he knew

what an *Alford* plea was or that he could enter such a plea." Klem contends that because the Harris County trial judge would require Klem at the plea hearing to state his wrongdoing on the record as stated in the information, the court thus rejected Klem's *Alford* plea, which Klem contends was the same type of plea he entered in Jefferson County. Our review of the record shows anything but a *litany of routine, perfunctory plea questions* and, as noted earlier, when asked by the court in Jefferson County, Klem admitted that he was guilty of each and every element of the offenses set forth in the informations after the court had previously read the contents of at least one information aloud in its entirety.

given up, the issues of law that we have discussed that you need clarification or further discussion over?" Klem replied, "No sir." The Court's admonishments and Klem's statements to the trial court constitute a prima facie showing that Klem's pleas were voluntary thereby shifting the burden to Klem to show otherwise.

■ A guilty plea may be found invalid if it is induced by erroneous advice or misrepresentations by defendant's counsel or some other officer of the Court. *See Ex parte Griffin,* 679 S.W.2d 15, 17 (Tex.Crim. App.1984); *see also Messer v. State,* 757 S.W.2d 820, 824 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd). The only mention of the Harris County cases in the written plea agreement provided that the Jefferson County cases would run concurrently with each other and the Harris County cases. There was no other reference to the Harris County cases or their disposition in the Jefferson County plea papers. Additionally, neither Klem, nor his attorneys ever mentioned, discussed, or otherwise raised the issue of disposition of the Harris County cases at the Jefferson County plea hearing. The trial court found that Klem, his attorneys, and the State's legal counsel all had ample opportunity to inform the Court during the guilty plea proceeding if the disposition of

the Harris County cases had actually been material or conditional to the Jefferson County plea agreement. The Court found significant that the Harris County cases were not discussed at the hearing and that none of the parties mentioned that there might be other plea agreement terms not included in the written plea agreement.

It is equally significant that the record establishes that negotiations regarding the disposition of the Harris County cases were ongoing at the time of the Jefferson County plea hearing. As set forth above, no plea agreement existed in Harris County at the time of the Jefferson County plea hearing. This fact was related to Klem prior to the Jefferson County plea hearing and his counsel indicated Klem still wanted to go through with the plea agreement. Thus, the trial court could have found that Klem was not induced to plead guilty to the Jefferson County charges because of any representations regarding the probable outcome of the Harris County charges. The trial court found the representations made by Klem's attorneys with respect to the disposition of the Harris County cases were their predictions, based on the ongoing negotiations with Harris County regarding the probable disposition of those cases. *See Messer,* 757 S.W.2d at 826–27.[6]

6. Klem argues that *Messer* is different from the present case in that in *Messer* the trial court asked appellant whether he was offered or promised anything to induce his plea, whereas the Jefferson County trial court never asked Klem whether he was offered or promised anything to induce his plea. We submit that such questions were obviously not asked by the trial court here because the trial court was aware that Klem was in fact entering his guilty plea based on a written plea agreement reached with the Jefferson County prosecutor. The discussions and admonishments by the Court centered around Klem's understanding of this agreement and the consequences of the Court's acceptance of that agreement. While the facts of *Messer* are not completely identi-

cal to the facts of the case at bar because *Messer* involved an open plea, the rationale employed by the court in *Messer* and legal principles behind the court's rationale are equally applicable here.

The court in *Messer* ultimately concluded "[i]n view of the clear admonitions given by the trial court before the plea, which both the appellant and his counsel admit they understood, appellant cannot credibly contend that his plea was involuntary and that he was denied effective assistance of counsel." *Messer,* 757 S.W.2d at 826. The same can be said here where the court thoroughly admonished Klem. Notably, Klem does not complain on appeal that the trial court's admonishments were improper. The record establishes that

Further, while the Jefferson and Harris County counsel advised Klem prior to his guilty plea that he should receive the same deal in Harris County that he got in Jefferson County or those cases would be dismissed, the record also establishes that they contemplated the possibility that the Harris County prosecutor might "renege" on this alleged oral agreement and provided a contingency plan in that instance. Specifically, Klem's Jefferson County counsel stated in his affidavit:

I spoke with [the Jefferson County prosecutor] again on the day prior to the plea, told him that I had so advised [Klem] [that he would be given the same deal in Harris County or the prosecutor would dismiss the cases], and he agreed that if the Harris County Prosecutor, or judge, did not want to follow the same agreement as in Jefferson County, then he would agree to a motion for new trial in Jefferson County. Both [the Harris County counsel] and I related that information to [Klem]. [The Harris County counsel] and I related to [Klem] that if the prosecutor reneged on her agreement then we could file a motion for a new trial on the cases in Jefferson County, and the Jefferson County prosecutor would agree to it. The plea agreement was finalized immediately thereafter in Jefferson County.

. . . .

I learned that [the Harris County prosecutor] then took the position that she would not dismiss the cases in Harris County, despite the fact that she had

stated that she would dismiss the cases in the event that [Klem] entered into a plea agreement in Jefferson County. [The Jefferson County prosecutor] thereafter informed me that the State would not oppose a motion for new trial if [Klem] filed one. . . . [The Harris County counsel] and I also related that information to [Klem] in a timely fashion and he elected not to seek a new trial.

At the time Klem entered his guilty pleas he was aware, as per his discussions with his counsel, that the Harris County prosecutor may ultimately refuse to dismiss the cases. Klem chose to plead guilty in Jefferson County, irrespective of the fact that there was no binding agreement in place in Harris County.

Finally, we note that upon learning that the prosecutor had in fact refused to dismiss the cases, Klem chose not to file a motion for new trial. The pretrial setting on the Harris County cases occurred on August 16, 2007, only two days after Klem's guilty plea was entered in Jefferson County. It is undisputed that the trial judge rejected the proposed plea agreement at the August 16th hearing and that the prosecutor did not dismiss the cases immediately following the court's rejection of the proposed plea agreement.[7] Klem's Jefferson County counsel stated under oath that upon learning that the prosecutor would not dismiss the cases, he and [the Harris County counsel] informed Klem of the prosecutor's position that the cases would not be dismissed "in a timely fashion" and told Klem that [the Jefferson

the trial court properly admonished Klem regarding the voluntariness of his guilty plea, the terms and conditions of his probation under the deferred adjudication, and the consequences of the Court's acceptance of the plea agreement.

7. Following the August 16, 2007, hearing, the prosecutor represented to counsel that she would dismiss the Harris County cases.

However, the prosecutor also stated she would have to speak with the complainants first and expressed her opinion that the option of dismissing the cases "sucks." This, in and of itself, should have indicated that the cases may ultimately not be dismissed, a situation already contemplated by Klem's attorneys and explained to Klem.

County prosecutor] would not oppose a motion for new trial in Jefferson County, yet Klem "elected not to file" a motion for new trial.[8] Thus, the trial court could have found this as evidence that Klem was not induced to plead guilty in Jefferson County because of any representations regarding the probable disposition of the Harris County charges.

Klem failed to meet his burden of showing that his guilty pleas in Jefferson County were induced by his attorneys' representations regarding the disposition of the Harris County cases. Viewing the record in its entirety, we find that the trial court did not abuse its discretion in concluding that Klem did not meet his heavy burden of showing that his guilty pleas in Jefferson County were unknowing and involuntary.

The judgment of the trial court is AFFIRMED.

---

**8.** Klem stated in his affidavit that the new trial motion deadline passed before *it became apparent* that he would not receive the deal he got in Jefferson County or a dismissal. Klem's Jefferson County counsel's affidavit, which the trial court viewed as one of "honesty and candor" contradicts Klem's position.