PD-0448-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/27/2015 4:06:43 PM
Accepted 4/27/2015 4:51:21 PM
ABEL ACOSTA
CLERK

IN THE
TEXAS COURT OF CRIMINAL APPEALS

Ex Parte Amir Tavakkoli
    Appellant, Pro Se

vs.

The State of Texas,
    Appellee.

---

## PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

April 27, 2015

ABEL ACOSTA, CLERK

Amir Tavakkoli
17101 Kuykendahl Rd
Houston, TX 77068
Tel: (281) 537-2171
Fax: (832) 787-0313
State Bar No. 24093240
info@atlawoffice.com

William J. Delmore III
Assistant District Attorney
Montgomery County
207 W Phillips St. 2nd Floor
Conroe, TX 77301
Tel. (936) 539-7979
Fax (936) 760-6940
Attorney for Appellee,
The State of Texas

**APPELLANT REQUESTS ORAL ARGUMENT**

## Identity of Parties

Amir Tavakkoli
17101 Kuykendahl Rd
Houston, TX 77068
Tel: (281) 537-2171
Fax: (832) 787-0313
State Bar No. 24093240
info@atlawoffice.com

William J. Delmore III
Assistant District Attorney
Montgomery County
207 W Phillips St. 2nd Floor
Conroe, TX 77301
Tel. (936) 539-7979
Fax (936) 760-6940
Attorney for Appellee,
The State of Texas

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
Fax: (512) 463-5724

Trial Court Judge: Dennis Watson

## TABLE OF CONTENTS

|  | Page(s) |
|---|---|
| Index of authorities | 3 |
| Statement regarding oral argument | 3 |
| Statement of the case | 4 |
| Statement of procedural history | 5 |

Grounds for review      6

Argument      7

**a)** **Reviewing courts cannot grant deference to 'implied factual findings' not supported in the record. The Ninth Court of Appeals erred in implying that the *habeas* court found appellant's testimony unreliable and failed to consider that the court admonishments regarding consequences to pleading guilty were also misadvice.**

**b)** **Reviewing courts cannot grant deference to 'implied factual findings' not supported in the record. The Ninth Court of Appeals erred in implying that the writ counsel was no ineffective.**

Statement Requesting Nondisclosure of Records to Public      10

Prayer for relief      11

Certificate of Service      12

Certificate of Compliance      12

## INDEX OF AUTHORITIES

*Ex Parte Peterson*, 117 S.W. 3d 804, 819 (Tex. Crim. App. 2003)      6, 9-10

*Ex parte Wheeler*, 203 S.W. 3d 317, 324 (Tex. Crim. App. 2006)      6, 9-10

*Martinez v. Ryan*, 132 S.Ct. 1309 (2012)      5-7, 9

*Trevino v. Thaler*, 133 S.Ct. 1911 (2013)      5-7, 9

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument. Because of the complexities of this case the Court of Criminal Appeals will benefit from oral argument.

## STATEMENT OF THE CASE

On January 4, 2013, appellant filed an Application for writ of habeas corpus in County Court at Law #1 in Montgomery County, Cause No. CR 13-26,808 claiming ineffective assistance of counsel under Padilla v. Kentucky from his 2006 class B misdemeanor conviction for possession of marijuana; the court denied his writ On January 22, 20131. The findings of fact and conclusions of law of the lower court show that appellant was denied relief solely for the reason that under *Chaidez v. United States*, 133 S.Ct. 1103 (2013) the ruling of *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) does not apply retroactively.

On appeal to this court, appellant raised the arguments that his trial counsel, William Pattillo ("Pattillo") was ineffective because of lack of proper investigation and also because he made appellant take the worst possible plea bargaining agreement, considering the circumstance and the fact that appellant was an immigrant. The Ninth Court of Appeals did not consider those arguments when they were raised on appeal because they were not raised at the writ hearing. Consequently, appellant filed another writ of habeas corpus in July of 2014 claiming that his writ counsel was ineffective for not raising the proper arguments, and that there was new testimony available to allow for a second writ of habeas corpus under Article 11.59 of the Texas Code of Criminal Procedure.

Appellant relied on his writ counsel to raise all proper arguments available at his previous writ of habeas corpus. Appellant's writ counsel's failure to raise the proper arguments is ineffective assistance of counsel in itself which requires a new writ hearing to determine the basis of appellant's claim based on the merits of the case and not a procedural issue. In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013) the Supreme Court of the United States made clear that the right to effective assistance of counsel applies to the first writ of habeas corpus and counsel's failure to be effective at a writ of habeas corpus gives cause for remand of the case to determine whether writ counsel was ineffective and a new hearing is necessary. The trail court never considered or addressed whether *Martinez v. Ryan* and *Trevino v. Thaler* were applicable and whether Appellant's writ counsel was ineffective for not raising all proper arguments in his first writ. On appeal, the Ninth Court of Appeals also failed to address whether *Martinez* and *Trevino* applied; instead waiting on this Honorable Court of Appeals to make that decision. A motion for *en banc* reconsideration was filed with the Ninth Court of Criminal Appeals to make a ruling on the issue of whether *Martinez* and *Trevino* apply; the motion was denied.

## STATEMENT OF PROCEDURAL HISTORY

On 08/28/2014 Notice of Appeal filed in *habeas* court.

On 11/03/2014 Case began in Ninth Court of Appeals.

On 03/04/2015 Opinion was issued.

On 03/17/2015 Motion for *En Banc* Reconsideration was filed.

On 03/17/2015 Motion for *En Banc* reconsideration was denied.

## GROUNDS FOR REVIEW

1.- Whether *Ryan* and *Martinez* apply to this case so the record is clear for appellate review. *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) ("[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was 8 ineffective."); see also *Trevino v. Thaler*, 133 S.Ct. 1911, 1920-21 (2013) (applying the rule of *Martinez* to federal review of Texas state court convictions).

2.- The Ninth Court of Appeals incorrectly implied facts not found in the record. The Appellate Court is not free to defer to the trial Court's implied factual findings "if they are unable to determine from the record what the trial court's implied factual findings are." *Ex Parte Peterson*, 117 S.W. 3d 804, 819 (Tex. Crim. App. 2003) (*per curiam*), overruled on other grounds by *Ex Parte Lewis*, 219 S.W. 3d 335 (Tex. Crim. App. 2007); *Ex parte Wheeler*, 203 S.W. 3d 317, 324 (Tex. Crim. App. 2006). The findings of facts and conclusions of law of the *habeas* court state the only reasons for denying appellant's relief as laches and no evidence of new testimony. The *habeas* court did not even consider whether Appellant's first writ counsel was

ineffective and whether *Martinez* and *Trevino* applied. The Ninth Court of Appeals incorrectly held (implied) that Appellant did not prove that his *habeas* counsel was ineffective even after *habeas* counsel failed to raise crucial arguments in the *habeas* hearing.

## ARGUMENT

**c) Reviewing courts cannot grant deference to 'implied factual findings' not supported in the record. The Ninth Court of Appeals erred in implying that the *habeas* court found appellant's testimony unreliable and failed to consider that the court admonishments regarding consequences to pleading guilty were also misadvice.**

In *Trevino v. Thaler*, the Supreme Court held that ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a defendant's procedural default of a claim of ineffective assistance of counsel and remand was required to determine whether petitioner's attorney in his first state collateral proceeding was effective. 133 S.Ct. 1911, 1921 (2013).

The petitioner in *Trevino* was "convicted of capital murder in Texas state court and sentenced to death after the jury found insufficient mitigating circumstances to warrant a life sentence." Id. Neither his appeal counsel nor his first writ counsel raised the argument that petitioner's trial counsel was ineffective for lack of proper investigation by not raising mitigating factors to reduce the sentence of death. Id. The court reasoned that the nature of reasoned that Texas procedural framework, by

its design and operation makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise an ineffective assistance of trial counsel claim on direct appeal. Id. at 1918. The nature of an ineffective-assistance claim means that the trial record is likely to be insufficient to support the claim. Id. And a motion for a new trial to develop the record is usually inadequate because of Texas rules regarding time limits on the filing, and the disposal, of such motions and the availability of trial transcripts. Id. Thus, a writ of habeas corpus is normally needed to gather the facts necessary for evaluating these claims in Texas. Id. As a result, the Court held that ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a defendant's procedural default of a claim of ineffective assistance of counsel at trial and remand was required to determine whether the petitioner's attorney in his first state collateral proceeding was ineffective, whether underlying ineffective assistance of trial counsel was substantial, and whether petitioner was prejudiced. Id. at 1921.

Similarly, in appellant's case, his first writ counsel failed to raise the argument of ineffective assistance of counsel because of lack of proper investigation by appellant's trial counsel to determine whether appellant had any defenses and whether the amount of the marijuana was less than 30 grams to allow appellant relief from deportation. Appellant's writ counsel also failed to raise the argument that appellant's trial counsel took the worst possible plea bargain agreement considering

the circumstance of appellant's case and considering that pleading guilty to a drug offense would be virtually a death sentence for appellant. *Supra* note 5. *Martinez v. Ryan*, 132 S. Ct. 1309, decided by the Supreme Court in 2012 has the same holding as *Trevino* and further supports appellant's argument and proves the lower court's failure.

The lower court erred in completely failing to consider *Martinez* and *Trevino* even though appellant attempted to bring this to the attention of the lower court repeatedly. RR, 17-18, 47.

   d) **Reviewing courts cannot grant deference to 'implied factual findings' not supported in the record. The Ninth Court of Appeals erred in implying that the writ counsel was no ineffective.**

The Ninth Court of Appeals incorrectly implied facts not found in the record. The Appellate Court is not free to defer to the trial Court's implied factual findings "if they are unable to determine from the record what the trial court's implied factual findings are." *Ex Parte Peterson*, 117 S.W. 3d 804, 819 (Tex. Crim. App. 2003) (*per curiam*), overruled on other grounds by *Ex Parte Lewis*, 219 S.W. 3d 335 (Tex. Crim. App. 2007); *Ex parte Wheeler*, 203 S.W. 3d 317, 324 (Tex. Crim. App. 2006). The findings of facts and conclusions of law of the *habeas* court do not indicate whether Appellant's *habeas* counsel was ineffective. The Ninth Court of Appeals incorrectly held that Appellant did not prove that his *habeas* counsel was ineffective even after *habeas* counsel failed to raise crucial arguments in the *habeas* hearing.

Neither *Ex Parte Peterson* nor *Ex parte Wheeler* support giving deference to the trial Court's 'implied findings of fact'. The better approach is to remand the case to the Trial Court so the court may make appropriate findings of fact and conclusions of law and whether writ counsel was ineffective.

## STATEMENT REQUESTING NONDISCLOSURE OF RECORDS TO PUBLIC

The appellant is a newly license practicing Texas attorney in good standing who has his own practice. Appellant's livelihood and his ability to make a living is dependent on his reputation and good character. Appellant understands and takes responsibility for his mistakes in the past. However, appellant respectfully requests that this court does not make any motions, pleas, petitions, opinion, or any other document relevant to this case available to the public. Alternatively, appellant requests that this court remove any identifying information of appellant including his name and any identifying information which would give a person knowledge that the case pertain to appellant even without the name being identified. Such information includes most facts given in the statement of facts section including the details of the arrest, etc.

.

## **PRAYER**

Appellant, Amir Tavakkoli, prays that this Court grant his Petition for

Discretionary Review.

Respectfully submitted,

_____

Amir Tavakkoli
17101 Kuykendahl Rd
Houston, TX 77068
Tel: (281) 537-2171
Fax: (832) 787-0313
State Bar No. 24093240
info@atlawoffice.com

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 2137 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

## CERTIFICATE OF SERVICE

I certify that on April 22, 2015 a true and correct copy of Appellant's Petition for Discretionary Review was served to each person listed below by the method indicated.

/s/Amir Tavakkoli
Amir Tavakkoli

*Via Fax to:*
William J. Delmore III
Assistant District Attorney
Montgomery County
207 W Phillips St. 2nd Floor
Conroe, TX 77301
Tel. (936) 539-7979
Fax (936) 760-6940
Attorney for Appellee,
The State of Texas

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
Fax: (512) 463-5724

IN THE
TEXAS COURT OF CRIMINAL APPEALS

Ex Parte Amir Tavakkoli
        Appellant,

vs.

The State of Texas,
        Appellee.

---

APENDIX-

PETITION FOR DISCRETIONARY REVIEW

---

**Index:**

1-11            Opinion of The Ninth Court of Appeals in Case No. 09-14-00358-CR

12              Order on Motion for Reconsideration

**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00358-CR**
_____

**EX PARTE AMIR TAVAKKOLI, Appellant**

**On Appeal from the County Court at Law No. 1**
**Montgomery County, Texas**
**Trial Cause No. 14-28246**

**MEMORANDUM OPINION**

This is an appeal from the trial court's order denying appellant Amir Tavakkoli's second application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.09 (West 2005). In three appellate issues, Tavakkoli contends the trial court (1) failed to properly consider two cases that apply the right to effective assistance of counsel to a writ of habeas corpus; (2) erred in not granting appellant's second writ due to new testimony; and (3) erred by using the doctrine of laches to dismiss his writ. We affirm the trial court's judgment.

1

BACKGROUND

As we explained in our opinion on Tavakkoli's appeal of the denial of his first application for writ of habeas corpus, Tavakkoli was born in Iran in 1988, moved to the United States in 2002, and became a legal permanent resident. *Ex parte Tavakkoli*, No. 09-13-00082-CR, 2013 WL 5428138, at *1 (Tex. App.—Beaumont Sept. 25, 2013, pet. ref'd) (mem. op.). On December 8, 2006, when Tavakkoli was an eighteen-year-old college student, he was arrested for reckless driving, and drug paraphernalia and marijuana were found in the vehicle during an inventory. *Id*. On December 15, 2006, Tavakkoli met with his appointed counsel, pleaded guilty "to possession of marijuana in exchange for a twenty-day jail sentence and dismissal of the reckless driving charge[,]" and was released after serving his twenty-day sentence. *Id*. Tavakkoli went to Sweden in July 2012, and he was denied reentry upon his return to the United States because he had pleaded guilty to possession of marijuana. *Id*. In his first application for writ of habeas corpus, Tavakkoli alleged that trial counsel provided ineffective assistance by failing to advise Tavakkoli of the immigration consequences of pleading guilty to the 2006 drug possession charge. *Id*. The trial court denied Tavakkoli's application, and Tavakkoli appealed to this Court. *Id*. This Court affirmed the trial court's judgment. *Id*. at *7.

2

Tavakkoli filed a second petition for writ of habeas corpus, in which he contended that his writ counsel's delay in filing his application for writ of habeas corpus caused retroactivity under *Padilla v. Kentucky* to become an issue, and his first petition "focused on *Padilla* and did not use any authority that discussed the lack of counsel acting adversarial and taking a good plea agreement under the Fifth Amendment." *See Padilla v. Kentucky*, 559 U.S. 356 (2010). Tavakkoli also argued that his trial counsel failed to be adversarial by failing to inquire about what evidence the State had to hold the State to its burden of proof. In addition, Tavakkoli contended that his Fifth Amendment rights were violated because his counsel "took the worst possible outcome" by advising Tavakkoli to plead guilty to possession of marijuana in return for dismissal of the reckless driving charge.

The trial court held a hearing on Tavakkoli's application. At the hearing, Tavakkoli, appearing *pro se*, argued that trial counsel spoke to him for no more than ten minutes at the jail, and Tavakkoli agreed to plead guilty to possession of marijuana in exchange for a dismissal of the reckless driving charge. In addition, Tavakkoli argued that the Supreme Court had not issued its decision in *Chaidez v. United States*, in which the Court determined that *Padilla* is not applied retroactively, until after he had already filed his first writ, and that he did not have the opportunity to amend his writ to raise "new arguments" because the trial court

3

made its decision two days after *Chaidez* was decided. *See Chaidez v. United States*, ___ U.S. ___, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013). Tavakkoli also contended that new testimony from trial counsel from the hearing on the first writ had become available. According to Tavakkoli, trial counsel stated that he did not check the weight of the marijuana, and Tavakkoli argued that he would have been eligible for a waiver if the record had shown that the amount of marijuana was less than thirty grams. Tavakkoli contended that because he left the United States and tried to re-enter, he has the burden to prove the weight was less than thirty grams, but he has "no records to show that." Tavakkoli argued that he did not have the right to a writ of habeas corpus until 2012 when he was placed under deportation proceedings. Furthermore, Tavakkoli asserted that his counsel at the writ hearing was ineffective because counsel did not raise all possible arguments and defenses.

The State argued that Tavakkoli was not entitled to a hearing because he did not meet the requirements of article 11.59 of the Texas Code of Criminal Procedure, which governs second applications for habeas corpus relief. *See* Tex. Code Crim. Proc. Ann. art. 11.59 (West 2005). Specifically, the State argued that article 11.59 requires that new evidence must have been discovered since the last hearing, and the alleged new evidence was actually discovered at the first hearing.

4

The State also argued that the equitable doctrine of laches applies because the marijuana has been destroyed, "[t]he officer likely has no independent recollection of any of these events, trial counsel "testified at the last hearing that he has no independent recollection of his representation of Mr. Tavakkoli" and cannot locate his case file, and the State cannot locate its case file concerning Tavakkoli. According to the State, "it would be almost impossible to retry [Tavakkoli] for either the reckless driving or the possession of marijuana because we have one statement in a police report written seven and a half years ago[,]" and the arresting officer cannot recall the ancillary trial testimony connected with Tavakkoli's offense. The State also argued that "[t]here is no entitlement to counsel on [an] 11.09 writ" and Tavakkoli could not demonstrate ineffective assistance of counsel. Furthermore, the State asserted that laches runs from the time of conviction, and that Tavakkoli has "always had collateral consequences of a marijuana conviction."

Tavakkoli testified that trial counsel did not discuss alternative plea options, and "pleading guilty to possession of marijuana was the only option given to me after I told him I wanted to get out of jail. And no defenses were raised. Deferred adjudication and probation were never discussed." According to Tavakkoli, trial counsel did not investigate the circumstances and validity of the inventory search

5

of the vehicle, ownership of the vehicle, the substance found in the bag, or the weight of the substance. Tavakkoli read into the record trial counsel's testimony regarding "his admission of lack of investigation" at the previous writ hearing. Tavakkoli testified that he mentioned his college final examination to trial counsel.

The trial court signed findings of fact and conclusions of law and an order denying Tavakkoli's application. In its findings and conclusions, the trial court determined that (1) Tavakkoli's trial counsel has no independent recollection of the events surrounding Tavakkoli's plea and cannot locate the case file; (2) the facts supporting Tavakkoli's current claims were available when he filed his original writ application; (3) Tavakkoli has not presented any new evidence that was not available at the hearing on his previous application; (4) the State's ability to retry Tavakkoli if habeas relief were granted "would be prejudiced by dissipation of evidence that has occurred in the seven years since the offense date[;]" (5) the equitable doctrine of laches requires denial of habeas relief; (6) Tavakkoli's current application is barred as a subsequent application because his current claims for relief were available during his first writ application; and (7) Tavakkoli failed to prove by a preponderance of the evidence that he was denied effective assistance of counsel. Tavakkoli then filed this appeal.

6

## STANDARD OF REVIEW

An applicant for a writ of habeas corpus must prove his allegations by a preponderance of the evidence. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We review a trial court's decision to grant or deny relief on an application for writ of habeas corpus under an abuse of discretion standard. *Id*. We review the facts in the light most favorable to the trial court's ruling, and we afford almost total deference to the trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based upon its evaluation of credibility and demeanor. *Id*. When resolution of the appellate issues turns on application of legal standards, we review the trial court's determination *de novo*. *Id*.

## ISSUE ONE

In his first issue, Tavakkoli argues that the trial court erred by not considering *Trevino v. Thaler* and *Martinez v. Ryan*. Tavakkoli asserts that both *Trevino* and *Martinez* hold that an applicant for writ of habeas corpus has the right to effective assistance of counsel. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) ("[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was

ineffective."); *see also Trevino v. Thaler*, 133 S.Ct. 1911, 1920-21 (2013) (applying the rule of *Martinez* to federal review of Texas state court convictions).

The Court of Criminal Appeals has not yet addressed the application of *Trevino* and *Martinez* to the jurisprudence of Texas. *See*, *e.g.*, *Ex parte McCarthy*, No. WR-50360-04, 2013 WL 3283148, at *1 (Tex. Crim. App. June 24, 2013) (not designated for publication) (Price, J., concurring) (noting that the Court has not reviewed its construction of article 11.071 of the Texas Code of Criminal Procedure in light of *Martinez* and *Trevino*). Neither the U.S. Constitution nor the Texas Constitution recognizes a claim of ineffective assistance of counsel on a writ of habeas corpus. *Ex parte Graves*, 70 S.W.3d 103, 113 (Tex. Crim. App. 2002). However, assuming without deciding that Tavakkoli has the right to assistance of counsel when applying for a post-conviction writ of habeas corpus, Tavakkoli did not demonstrate that counsel on his first writ provided ineffective assistance. Accordingly, we overrule issue one.

### ISSUE TWO

In his second issue, Tavakkoli contends the trial court erred in denying his second application for writ of habeas corpus because new testimony was available at the second writ hearing that was not available when he filed his first writ. Article 11.59 of the Texas Code of Criminal Procedure provides as follows:

A party may obtain the writ of habeas corpus a second time by stating in a motion therefor that *since the hearing of his first motion* important testimony has been obtained which it was not in his power to produce at the former hearing. He shall also set forth the testimony so newly discovered; and if it be that of a witness, the affidavit of the witness shall also accompany such motion.

Tex. Code Crim. Proc. Ann. art. 11.59 (emphasis added). Tavakkoli's arguments at the hearing, as well as his appellate brief, indicate that the "new" evidence upon which he relies consists of trial counsel's testimony at the hearing on his first application for writ of habeas corpus. Because the evidence upon which Tavakkoli relies was adduced at the hearing on his first application for writ of habeas corpus rather than since that hearing, Tavakkoli does not meet the requirements of article 11.59. *See id.* Therefore, the trial court did not err by denying Tavakkoli's application on that basis. We overrule issue two.

## ISSUE THREE

In his third issue, Tavakkoli contends the trial court erred by using the doctrine of laches as a basis for denying his application for writ of habeas corpus. Tavakkoli argues that "[i]t was not until July 2012, when appellant was placed under deportation proceedings[,] that appellant's right to a writ of habeas corpus became ripe." In addition, Tavakkoli maintains that if he were granted habeas corpus relief and granted a new trial, the State "would be in the same position as it was in 2006[.]"

9

"Given the nature of habeas corpus relief, it is reasonable to permit a court to consider whether an applicant has slept on his rights and, if he has, how that has affected the State, and whether, in light of the delay, it is fair and just to grant him relief." *Ex parte Perez*, 398 S.W.3d 206, 218-219 (Tex. Crim. App. 2013). The doctrine of laches is applied on a sliding scale; therefore, "the longer the delay, the less prejudice must be shown." *Id.* at 219 (citing *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 733 (7th Cir. 2003)). The doctrine of laches will bar habeas relief "when an applicant's unreasonable delay has prejudiced the State, thereby rendering consideration of his claim inequitable." *Id.*

As discussed above, the trial court heard and observed the State's arguments at the hearing. At the hearing, counsel for the State represented that the marijuana has been destroyed, the arresting officer likely has no independent recollection of events, trial counsel has no independent recollection of his representation of Tavakkoli, trial counsel cannot locate his case file, and the State cannot locate its case file. Counsel for the State represented that it would be "almost impossible" to retry Tavakkoli. Reviewing the facts in the light most favorable to the trial court's ruling and affording almost total deference to the trial court's determination of historical facts supported by the record, we cannot say that the trial court abused its discretion by denying Tavakkoli's application for writ of habeas corpus. *See Ex*

10

*parte Klem*, 269 S.W.3d at 718. Accordingly, we overrule issue three. Having overruled each of Tavakkoli's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 31, 2014
Opinion Delivered March 4, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.



# Court of Appeals
### State of Texas
### Ninth District

CHIEF JUSTICE
STEVE MCKEITHEN

JUSTICES
CHARLES KREGER
HOLLIS HORTON
LEANNE JOHNSON

CLERK
CAROL ANNE HARLEY

OFFICE
SUITE 330
1001 PEARL ST.
BEAUMONT, TEXAS 77701
409/835-8402  FAX 409/835-8497
WWW.TXCOURTS.GOV/9THCOA.ASPX

Monday, March 23, 2015

Amir Tavakkoli
16503 Creek South Road
Houston, TX 77068
* DELIVERED VIA E-MAIL *

William J. Delmore III
Asst. District Attorney
207 W. Phillips, 2nd Floor
Conroe, TX 77301
* DELIVERED VIA E-MAIL *

**RE:**   Case Number:        09-14-00358-CR
Trial Court Case        14-28246
Number:

**Style:**  Ex Parte Amir Tavakkoli

     The Appellant's motion for rehearing en banc in the above styled and numbered cause was overruled this date.

Sincerely,

CAROL ANNE HARLEY
CLERK OF THE COURT

cc:   Mark Turnbull (DELIVERED VIA E-MAIL)
Graciela Caka (DELIVERED VIA E-MAIL)
Judge Dennis D. Watson (DELIVERED VIA E-MAIL)