In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00215-CR
_____

EX PARTE RUHIJE M. HEAD

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. WR01469**

## MEMORANDUM OPINION

In August 2016, a grand jury indicted Appellant Ruhije Head for the offense of theft of property in an amount greater than or equal to $1,500 but less than $20,000. *See* Tex. Penal Code Ann. § 31.03(e)(4)(A). Pursuant to a plea bargain agreement, Head pleaded guilty, and the trial court deferred adjudication, placed Head on community supervision for a period of ten years, and ordered restitution in the amount of $18,500.

In March 2019, the State filed a motion to revoke Head's unadjudicated community supervision. Head filed an application for writ of habeas corpus seeking

1

relief from an order or judgment of conviction under article 11.072. *See* Tex. Code Crim. Proc. Ann. art. 11.072. In her application, she argued that under article 42A.553, the maximum period of community supervision a judge may impose for a state jail felony is five years. Head argued that the order deferring adjudication and imposing community supervision was "invalid and/or unconstitutional" because ten years exceeds the maximum period authorized for community supervision for a state jail felony.

At the habeas hearing, the State argued that article 42A.103 controls deferred adjudication community supervision and provides that in a felony case, the period of deferred adjudication community supervision may not exceed ten years. The State further argued that "the sentence has never been assessed since it was deferred." The trial court noted that the Code of Criminal Procedure authorizes a trial court to extend community supervision up to ten years. *See id.* art. 42A.553. The trial court concluded that the ten-year period was "an illegal condition of probation[]" that could be modified upon presentation of a written motion to amend the terms because "there has not been an adjudication in the case." The court further explained:

> Well, in the court's opinion the distinction to be made in this particular case is that this is an order of deferred. This is not a finding and a sentence on a finding of guilt and a sentence -- the defendant has not been sentenced.

2

> Therefore, it cannot be argued that the sentence in this case is illegal because the defendant has not been sentenced. There has been no finding of guilt. That finding was deferred.
>
> . . . .
>
> It's the court's opinion that there is no sentence in this case. It cannot be an illegal sentence which forms the basis of the 11.072, application for habeas relief. Your application for habeas relief is denied.
>
> Now, the court is going to modify the conditions of probation. It believes it has the authority to do so.

The trial court concluded that the ten-year period imposed exceeded permissible limits, the trial court then denied Head's application for habeas, and modified the conditions of community supervision to state a term of five years. Head appealed the court's denial of her application for writ of habeas corpus.[1]

We review the denial of an application for writ of habeas corpus under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Kniatt*, 206 S.W.3d at 664; *Klem*, 269 S.W.3d at 718. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially findings that are based on an evaluation of

---

[1] In August 2019, the trial court held a hearing on the State's motion to revoke and found Head had violated more than one term of her community supervision, adjudicated her guilty, and assessed punishment at two years in state jail and restitution at $18,500.

credibility and demeanor. *Klem*, 269 S.W.3d at 718. We afford the same deference to the trial court's rulings on the application of the law to fact questions when the resolution of those questions turns on an evaluation of credibility and demeanor. *Id.* If the trial court's resolution of the ultimate issues turns on an application of legal standards, we review the determination de novo. *Id.*

Article 11.072 establishes the procedures for application for habeas relief from "an order or a judgment of conviction ordering community supervision." *See* Tex. Code Crim. Proc. Ann. art. 11.072. The application must challenge the legal validity of "the conviction for which or order in which community supervision was imposed[]" or the conditions of community supervision. *Id.* art. 11.072, § 2(b).

At issue in this matter are articles 42A.103 and 42A.553 of the Code of Criminal Procedure. Article 42A.103 provides, in relevant part, that "[i]n a felony case, the period of deferred adjudication community supervision may not exceed 10 years." *Id.* art. 42A.103(a). Article 42A.553 provides, in relevant part, that "[t]he maximum period of community supervision a judge may impose under this subchapter is five years, except that the judge may extend the maximum period of community supervision under this subchapter to not more than 10 years." *Id.* art. 42A.553(a). Article 42A.553 appears in subchapter L, "State Jail Felony Community Supervision[,]" which pertains to placement on community supervision after

4

sentencing. *See id.* art. 42A.551(a). Article 42A.103 appears in subchapter C, "Deferred Adjudication Community Supervision." *Id.* art. 42A.103.

The Court of Criminal Appeals has explained that a conviction, "regardless of the context in which it is used, always involves an adjudication of guilt." *McNew v. State*, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978); *see also Ex parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998) (construing "conviction" to mean "a judgment of guilt and the assessment of punishment"); *Hurley v. State*, 130 S.W.3d 501, 505 (Tex. App.—Dallas 2004, no pet.) (same). Granting a defendant deferred adjudication does not constitute an adjudication of guilt. *See* Tex. Code Crim. Proc. Ann. art. 42A.101(a) (formerly codified at Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a)) (judge may defer further proceedings without entering adjudication of guilt and place defendant on community supervision); *McNew*, 608 S.W.2d at 172 (concluding that since procedures delineated in article 42.12 do not involve adjudication of guilt until after probation is revoked, "a trial judge's action in deferring the proceedings without entering an adjudication of guilt is not a 'conviction[]'").

In this case, article 42A.103 applies to the order deferring adjudication and placing Head on community supervision, and article 42A.103 permits a term of up to ten years of community supervision when a person is placed on deferred

5

adjudication. *See* Tex. Code Crim. Proc. Ann. art. 42A.103(a). Head had not been convicted when she was placed on community supervision, so the five-year limitation in article 42A.553 did not apply. *See id.* art. 42A.553; *McNew*, 608 S.W.2d at 172. Therefore, the trial court did not err by denying Head's application for writ of habeas corpus and concluding that there was no illegal or invalid sentence. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 2(b); *Klem*, 269 S.W.3d at 718. The trial court did not abuse its discretion. We overrule Appellant's issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 21, 2019
Opinion Delivered November 20, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.