**Affirmed and Opinion filed January 23, 2014.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-13-00538-CR**
**NO. 14-13-00539-CR**
**NO. 14-13-00540-CR**

---

## EX PARTE FERNANDO CASTELLANOS, Appellant

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 13-DCR-062986, 13-DCR-062987 & 13-DCR-062988**

---

## O P I N I O N

Appellant was charged with engaging in organized criminal activity, fraudulent use or possession of identifying information, and money laundering in an amount greater than $200,000. The trial court originally set bail at $500,000 on each count. Appellant filed an application for writ of habeas corpus requesting a reduction in bail to a reasonable amount, which appellant stated at the hearing would be $50,000 in each case. After conducting an evidentiary hearing, the trial court reduced appellant's bail to $225,000 for each count. Appellant filed this

appeal.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant did not testify at the hearing. Ariel Valverde, appellant's cousin, testified as follows:

- Appellant's family and friends have spoken with a bail bondsman and learned they can afford to post a $50,000 bond on each count.

- Appellant was employed "driving trucks and in construction" for more than five years.

- Appellant has a wife and two adult sons who depend on appellant's income.

- Appellant and his family have lived in the Houston area for approximately eight years.

- Appellant has family in Cuba and has visited Cuba more than twice in the past eight years.

- Appellant has no prior criminal history and is willing to relinquish his passport if he is released on bail.

Antonia Castillo, an employee of a bonding company, testified as follows:

- Appellant could afford to post $50,000 bonds on each count.

- She considered two pieces of real property and a truck as collateral, but did not have specific evidence of the collateral to present at the hearing.

Detective Matthew Cardenas testified as follows:

- Appellant and his co-defendant are accused of purchasing credit card numbers online using software that re-encodes those card numbers on counterfeit credit cards, essentially creating a "clone" of the victim's credit card. Video surveillance showed appellant and his co-defendant used the cloned cards to purchase gift cards, clothes, food, etc.

---

[1] Appellant's co-defendant, Alfredo Castillo-Lorente, was charged with engaging in organized criminal activity and money laundering. The trial court also reduced his bail to $225,000 in each case. He has appealed that decision in cause numbers 14-13-00541-CR and 14-13-00542-CR.

2

- As part of his surveillance Cardenas did not see appellant go to work; he saw appellant travel to and from another house that was being investigated by the United States Secret Service for the same type of alleged fraud.

- A search warrant of appellant's house revealed boxes of blank cards, printing machines used to print bank logos on blank cards, pages of credit card numbers containing approximately thirty numbers each, approximately $8,000 in cash, ledgers containing credit card numbers, user names and passwords, credit card embossers, and computers.

- Appellant's passport was seized as a result of the search.

- Investigators located money order transfers from the United States to Cuba, the Ukraine, Russia, and other countries.

- Other individuals who were involved in this scheme have been arrested or located outside the United States.

### STANDARD OF REVIEW

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U. S. CONST. amend. VIII; *see also Schilb v. Kuebel*, 404 U.S. 357, 365, (1971) (applying Eighth Amendment prohibition of excessive bail to the States). The standard for reviewing an allegation of excessive bail is whether the trial court abused its discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981). A defendant has the burden of proving that bail is excessive. *Id.* at 849. In reviewing a trial court's ruling for an abuse of discretion, an appellate court will not intercede as long as the trial court's ruling is at least within the zone of reasonable disagreement. *Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd).

The amount of bail required in any case is within the discretion of the court subject to the following rules:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2014).

In addition to considering the factors in article 17.15, the courts have added seven other factors that can be weighed in determining the amount of bond: (1) the accused's work record; (2) the accused's family and community ties; (3) the accused's length of residency; (4) the accused's prior criminal record; (5) the accused's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849–50. The trial court may also consider the fact that the accused is not a United States citizen. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980).

## ANALYSIS

In two issues, appellant contends the trial court abused its discretion in denying habeas relief. He contends the bail, as reduced, is unreasonable, and the trial court should have reduced it further because appellant has strong ties to the community, no criminal record, will appear for trial, and is not a danger to the community because the offenses for which he is charged are non-violent.

### *Nature and Circumstances Under Which They Are alleged to Have Been Committed*

Appellant was indicted for engaging in organized criminal activity, fraudulent use or possession of identifying information, and money laundering

more than $200,000. The offenses are punishable by imprisonment for fifteen to ninety-nine years or life. Tex. Penal Code Ann. § 32.51 (fraudulent use or possession of identifying information), § 34.02 (money laundering), § 71.02 (engaging in organized criminal activity). The defendant's potential sentence and the nature of the crime are significant factors for us to consider when assessing the reasonableness of a bail amount . *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet ref'd). *See also Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (noting that consideration of nature and circumstances of offense requires us to consider range of punishment in event of conviction). When the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, bail must be set sufficiently high to secure the defendant's presence at trial. *See Ex parte Hulin*, 31 S.W.3d 754, 761 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Because of the seriousness of this offense and the potential lengthy sentence, the trial court could have concluded that appellant has a strong incentive to flee the jurisdiction and a high bail amount is reasonable.

### *Bail Sufficient to Assure Appearance but not Oppress*

The record reflects that appellant and his co-defendant were the top two individuals in a credit-card-fraud ring that is alleged to have defrauded hundreds of victims. Some of the other members of the ring have been arrested, but others have not. One member of the ring was arrested as he crossed the border from Mexico. Another was arrested in Colombia and is awaiting extradition. Appellant is a Cuban national with evidence of money order transfers to Cuba, the Ukraine, and Russia. The evidence at the writ hearing supports a finding that appellant is a significant flight risk based on his ties to individuals in other countries, and access to equipment with which to make counterfeit credit cards. On this record, the trial

5

court reasonably could conclude that bail of $225,000 for each offense is not higher than necessary to give reasonable assurance of compliance with the undertaking and that bail is not oppressive.

### *Accused's Ability to Make Bail*

To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted. *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The accused's ability to make bond is merely one factor to be considered in determining the appropriate amount of bond. Tex. Code Crim. Proc. Ann. art. 17.15(4); *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.). Appellant's evidence with regard to his inability to make bail consisted of Valverde's testimony that appellant's family and friends have spoken with a bail bondsman and learned they can afford to post a $50,000 bond on each count and Castillo's testimony that the bonding company would post a $50,000 bond on each count. Appellant presented no documentary evidence of his assets and financial resources. *See Ex parte Ruiz*, 129 S.W.3d 751, 754 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding that bail bondsman's testimony of "largest bond" defendant could make did not carry burden to establish inability to make bail).

Because appellant has offered no evidence of his financial circumstances and very little evidence supporting his claimed inability to make bail, the trial court could properly have concluded that the amount of bail was reasonable under the circumstances. *See Scott*, 122 S.W.3d at 870 (in affirming trial court's refusal to lower bond, court cited as a factor absence of evidence regarding defendant's ability to make bond when defendant's evidence consisted of his testimony that he and his family lacked sufficient assets or financial resources noting that defendant did not detail either his assets or financial resources nor his efforts to furnish

bond).

## *Future Safety of Victims and the Community*

In support of his argument to lower bail, appellant argues that he is charged with non-violent offenses. Cardenas testified that restrictions on computer use and the Internet would not necessarily prevent appellant from continuing to illegally obtain credit card numbers if released on bond. There was no evidence presented concerning any physical threat appellant might pose to victims of the offenses or to the community. This court has previously held that those who possess illegal drugs with the intent to deliver in large quantities affect the community in which they live. *See Maldonado v. State*, 999 S.W.2d 91, 96–97 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). In this case, as with possession and distribution of large quantities of illegal drugs, it is a matter of common sense that those who produce hundreds of counterfeit credit cards affect the community in which they live. The theft of credit card numbers and impact on the victims cannot be ignored in analyzing the safety of the community relevant to bail determinations.

## *Other Factors*

There is some evidence that appellant is employed as a truck driver. He is a Cuban national with evidence of money order transfers to Cuba and other foreign countries. Appellant has traveled outside the country more than twice while residing in the United States. The record reflects that appellant is a permanent resident of the United States, but not a citizen. Research has not revealed precedent from this court or other Texas courts addressing bail for the offenses with which appellant is charged (racketeering and money laundering), but precedent from other jurisdictions shows that for racketeering charges, bail in amounts greater than set in today's case have been found not to be excessive. *See United States v. James*, 674 F.2d 886, 888 (11th Cir. 1982) (determining bail set at $2 million was

not excessive in case involving charges under the Racketeer Influenced and Corrupt Organization Act and federal drug charges). Indeed, at least one court denied bail in a racketeering case. *See Constantino v. Warren*, 684 S.E.2d 601, 601-04 (Ga. 2009) (in prosecution for violation of the Racketeering Influenced Corrupt Organizations Act, denial of bail did not violate the Excessive Bail Clause of the Eighth Amendment).

Based on the evidence before the trial court in this case, it reasonably could have concluded the bail it set was justified by unusual circumstances. The trial court had before it evidence that appellant had engaged in extensive credit card fraud and theft by cloning hundreds of credit cards. Appellant is not a citizen of the United States and has family members in Cuba. Given the nature of the charged offenses and the aggravating circumstances, the trial court could have reasonably concluded a bond of $225,000 for each count was necessary to deter appellant from fleeing the jurisdiction.

## CONCLUSION

We conclude that the trial court did not abuse its discretion in reducing appellant's bail to $225,000 for each count and in concluding that appellant did not demonstrate that bail in this amount is excessive. Accordingly, we overrule appellant's issues and affirm the trial court's judgment.

/s/     Ken Wise
        Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Publish — TEX. R. APP. P. 47.2(b).