In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00046-CR
_____

EX PARTE DANIEL SORIA

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 14-11-12270 CR

**MEMORANDUM OPINION**

The State charged Daniel Soria with possession of a controlled substance with intent to deliver, and the trial court set bond at $2,000,000. Soria filed a motion seeking a bond reduction and the trial court reduced the bond to $750,000. Soria then filed an application for writ of habeas corpus, which the trial court denied. In a single appellate issue, Soria contends that the trial court abused its discretion by setting bond at $750,000. We affirm the trial court's order denying habeas relief.

We review the denial of an application for writ of habeas corpus under an abuse of discretion standard. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—

Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Id*. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially findings that are based on an evaluation of credibility and demeanor. *Id*. We afford the same deference to the trial court's rulings on application of law to fact questions when the resolution of those questions turns on an evaluation of credibility and demeanor. *Id*. We review the determination *de novo* when the resolution of those questions turns on an application of legal standards. *Id*.

Soria and another individual were found in possession of seventeen kilograms of methamphetamine. The State represented to the trial court that each kilogram was worth approximately $25,000. At a hearing on Soria's motion to reduce bond, Soria's aunt, Veronica, testified that she had contacted bondsmen to try to make the original $2,000,000 bond, but had no success. Veronica believed that she could secure the funds needed for a $30,000 bond and for GPS monitoring. She testified that Soria is a United States citizen, is twenty-five years old, would reside with his parents, and had worked for the same employer for approximately seven years. According to Veronica, Soria's family has strong ties in Harris and Fort Bend Counties, is supportive, collected money for his attorney, would ensure

2

that he appears for court, and would supervise Soria. The trial court reduced the bond amount to $750,000. Soria filed his application for writ of habeas corpus, urging the court to further reduce his bond, but the trial court denied the application.

On appeal, Soria argues that the trial court's reduction of the bond to $750,000 "amounts to using bail as an instrument of oppression, as the amount far exceeds what [Soria] and his family can realistically make, and ignores factors in the record supporting a much lower amount." Excessive bail is constitutionally prohibited. U.S. Const. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13. When setting bail, certain criteria apply: (1) "bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with"[;] (2) the power to require bail is not to be used as an instrument of oppression; (3) the nature and circumstances of the offense must be considered; (4) "[t]he ability to make bail is to be regarded, and proof may be taken upon this point"[;] and (5) the future safety of the victim and the community shall be considered. Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015). Other factors to consider include family and community ties, length of residency, aggravating factors involved in the offense, work history, prior criminal record, and conformity with previous bond conditions. *Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981). We review a

trial court's bail decisions under an abuse of discretion standard of review. *Rubac*, 611 S.W.2d at 850. The burden of showing that bail is excessive lies with the defendant. *Id*. at 849.

Aside from Veronica's testimony that Soria's family contacted bail bondsmen and could not make the required bond, Soria presented no documentary evidence of his assets and financial resources. "Just as a defendant's inability to afford bail does not, in itself, demonstrate that bail is excessive, a defendant's ability to afford bail in the amount set does not, in itself, justify bail in that amount." *Cooley v. State*, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A bond reduction is not favored "when the defendant makes vague references to inability to make bond without detailing his specific assets and financial resources." *Id*. Accordingly, the trial court could reasonably conclude that Soria's evidence regarding his financial circumstances was insufficient. *See Ex parte Castellanos*, 420 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (Appellant provided testimony that his family contacted bail bondsmen and could only afford a certain amount of bail, but presented no documentary evidence of his financial circumstances.); *see also Ex parte Castillo-Lorente*, 420 S.W.3d 884, 889 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Cooley*, 232 S.W.3d at 236-37.

4

Additionally, Soria was charged with possession of a controlled substance with intent to deliver, specifically, 400 grams or more of methamphetamine. If convicted, Soria would face imprisonment for life or a term of fifteen to ninety-nine years and a fine up to $250,000. *See* Tex. Health & Safety Code Ann. § 481.112(f) (West 2010). When an offense may result in a substantial prison sentence, bail must be set sufficiently high to assure the defendant's presence at trial. *Castellanos*, 420 S.W.3d at 882-83; *Brown v. State*, 11 S.W.3d 501, 503-04 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "Because drug-related activities usually require multiple transactions of a transitory nature, by the very nature of the operation, participants in the transport and sale of illegal drugs must be highly mobile." *Brown*, 11 S.W.3d at 503. The substantial amount of cash required to effect illegal narcotics transactions suggests the involvement of "monied backers who may consider the cost of bail as a normal business expense," and may be willing to forfeit bonds that are not adequately high. *Id*; *see Ex parte Ruiz*, 129 S.W.3d 751, 754 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Moreover, "those who possess illegal drugs with the intent to deliver in large quantities affect the community in which they live." *Castellanos*, 420 S.W.3d at 884. The trial court could not ignore the negative impact that the possession and distribution of narcotics has on the safety of the community. *See Ruiz*, 129 S.W.3d at 754-55.

5

Given the seriousness of the offense and the potential lengthy sentence, the trial court could reasonably conclude that Soria has a strong incentive to flee the jurisdiction and a high bond is necessary to assure Soria's presence at trial. *See Castellanos*, 420 S.W.3d at 883; *see also Brown*, 11 S.W.3d at 503.

Viewing the entire record in favor of the trial court's ruling, we find that the trial court could reasonably conclude that a $750,000 bond was justified and did not abuse its discretion by refusing to further reduce the bond amount. *See Rubac*, 611 S.W.2d at 849-50; *see also* Tex. Code Crim. Proc. Ann. art. 17.15. We overrule Soria's sole issue and affirm the trial court's order denying Soria's application for writ of habeas corpus.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 6, 2015
Opinion Delivered May 20, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.