**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00050-CR**
_____

**EX PARTE ESTREBERTO T. SORIA**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-11-12271 CR**

**MEMORANDUM OPINION**

The State charged Estreberto T. Soria with possession of a controlled substance with intent to deliver, and the trial court initially set bond at $2,000,000. Soria filed a motion seeking a bond reduction, and the trial court reduced the bond to $750,000. Soria then filed an application for writ of habeas corpus, which the trial court denied. In one issue, Soria contends that the trial court abused its discretion by setting his bond at $750,000. We affirm the trial court's order denying habeas relief.

## I. Standard of Review

We review a trial court's determination on an application for writ of habeas corpus for an abuse of discretion. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We review the facts in the light most favorable to the trial court's ruling. *Id*. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially when those findings are based on an evaluation of credibility and demeanor. *Id*. We afford the same deference to the trial court's rulings on application of law to fact questions when the resolution of those questions turns on an evaluation of credibility and demeanor. *Id*. When the resolution of those ultimate questions turns on an application of legal standards, we review the court's determination de novo. *Id*.

## II. Background

According to the State, when the officer stopped Soria for a broken taillight, he found Soria in possession of seventeen kilograms of methamphetamine. The State represented to the trial court that each kilogram was worth approximately $25,000. The State also informed the court that Soria's eighteen-month-old son was in the back seat of the vehicle when Soria was stopped.

Soria did not testify at the hearing. Soria's aunt, Anabel Soria, testified at the hearing on Soria's motion to reduce bond. Anabel testified that she had contacted

2

bondsmen to try to make the original $2,000,000 bond, but she had been unable to meet the requirements to obtain a bond. Anabel testified that she believed she could secure the funds needed for a $30,000 bond and for GPS monitoring.

Anabel testified that Soria is a U.S. citizen, having been born in Houston, Texas. She recalled that prior to Soria's incarceration, he was unemployed due to an injury he had received. Before he was injured, Soria was employed as a welder's assistant at an oil and gas company. Before working as a welder's assistant, Soria was employed by Best Buy. Anabel testified that if Soria were able to make bail, he would reside at her mother's house in Fort Bend County, Texas. Anabel explained that her mother had raised Soria as if he were her child. Anabel, her husband, and her children reside approximately three minutes away from Anabel's mother. Anabel testified that she would make sure that Soria has transportation to attend future court settings. Soria's biological parents are not a part of Soria's life and do not provide financial support to him. According to Anabel, other members in Soria's family collected money so he could obtain legal counsel.

After hearing testimony, the trial court reduced Soria's bond amount to $750,000. Soria filed his application for writ of habeas corpus, urging the court to reduce his bond further, but the trial court denied the application.

On appeal, Soria argues he has substantial ties to the community, has a significant work history, and has support from his family. He contends these factors indicate he is not a flight risk and that the trial court's setting his bond at $750,000 "amounts to using bail as an instrument of oppression[.]" He maintains that the bond amount "far exceeds what [he] and his family can realistically make, and ignores factors in the record supporting a much lower amount."

### III. Excessive Bail

Both the United States and Texas constitutions prohibit excessive bail. U.S. CONST. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13. Article 17.15 provides rules for the court to follow in fixing bail amounts. Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015). In exercising its discretion in setting a bail amount, the trial court must consider: (1) whether bail is "sufficiently high to give reasonable assurance that the undertaking will be complied with[;]" (2) that the bail amount cannot be used as an instrument of oppression; (3) the nature and circumstances of the offense; (4) the defendant's ability to make bail; and (5) the future safety of the victim and the community. *Id*. The court may consider other factors and circumstances in determining the amount of bail including: family and community ties, length of residency, aggravating factors involved in the offense, the defendant's work history, prior criminal record, and conformity with previous and

outstanding bonds, if any. *Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981); *see also Ex parte Wood*, 308 S.W.3d 550, 552 (Tex. App.—Beaumont 2010, no pet.). An appellate court reviews a trial court's decision in setting the amount of bail for an abuse of discretion. *See Rubac*, 611 S.W.2d at 850. The defendant bears the burden of showing that the bail is excessive. *Id*. at 849.

## A. Inability to Make Bail

Other than Anabel's testimony that Soria's family contacted bail bondsmen and could not make the required bond for the $2,000,000 bail, Soria presented no documentary evidence of his assets and financial resources. Although a defendant's ability to make bail is one of the factors considered by the court, it is not a controlling factor, and it will not alone render the bail amount excessive. *See Cooley v. State*, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Because Soria offered little evidence supporting his claimed inability to make bail, the trial court could have properly concluded Soria's evidence regarding his financial circumstances was insufficient and that the $750,000 bail was reasonable. *See Ex*

*parte Castellanos*, 420 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding that testimony that appellant's family and friends spoke with a bondsman and learned the amount of bond they could afford was insufficient evidence to show inability to make bail when appellant offered no evidence of his financial circumstances); *Ex parte Castillo-Lorente*, 420 S.W.3d 884, 889 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding that testimony that appellant's family and friends spoke with a bondsman and learned they could only afford a certain amount of bail was insufficient to carry the burden of demonstrating appellant's inability to make bail when appellant presented no documentary evidence of his assets and financial resources); *Ex parte Ruiz*, 129 S.W.3d 751, 754 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding that bail bondsman's testimony of "largest bond" appellant could make was insufficient to establish inability to make bail).

## B. Nature of the Charged Offense

The nature of Soria's offense is serious and carries a substantial penalty. The State charged Soria with a first-degree felony offense, specifically possession of a controlled substance—400 grams or more of methamphetamine—with intent to deliver. If convicted of the charged offense, Soria would face imprisonment for life

6

or a term of fifteen to ninety-nine years and a fine up to $250,000. *See* Tex. Health & Safety Code Ann. § 481.112(f) (West 2010).

In our consideration of the nature of the offense, it is proper to consider the possible punishment. *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet ref'd). "When the offense is serious and involves aggravating factors that may result in a lengthy prison sentence, bail must be set sufficiently high to secure the defendant's presence at trial." *Castellanos*, 420 S.W.3d at 882-83. Drug-related activities usually require multiple transactions of a transitory nature, and, as such, participants in the transport and sale of illegal drugs must be highly mobile. *Brown v. State*, 11 S.W.3d 501, 503 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Additionally, these types of transactions generally require large amounts of cash, which suggest the involvement of moneyed backers who may consider the cost of bail as a normal business expense that they are willing to pay. *Id*; *see also Ruiz*, 129 S.W.3d at 754. "[I]n cases involving large quantities of illegal drugs, a high bond may be required to assure the presence of the defendant at trial. Consequently, high pre-trial bonds have been upheld on numerous occasions for offenses involving possession of a large quantity of a controlled substance." *Brown*, 11 S.W.3d at 503 (internal citations omitted). The trial court

reasonably could have concluded that the nature of the offense did not favor a further reduction.

## C. Future Safety of Victims and the Community

The State has charged Soria with possession with intent to deliver a large quantity of illegal drugs. "[T]hose who possess illegal drugs with the intent to deliver in large quantities affect the community in which they live." *Castellanos*, 420 S.W.3d at 884. A trial court should not ignore the negative impact possession and distribution of methamphetamine has on the safety of the community. *See Ruiz*, 129 S.W.3d at 754-55.

## D. Other Factors

The trial court heard testimony regarding other factors that are relevant in considering bail amount. *See Rubac*, 611 S.W.2d at 849-50. The court heard evidence that Soria is a U.S. citizen who has family ties to Fort Bend County. The court also heard evidence that Soria has no prior criminal history. These factors weigh in favor of a lower bond.

However, the trial court weighed all these factors, and given the seriousness of the offense and the potential lengthy sentence, the trial court could reasonably conclude that Soria has a strong incentive to flee the jurisdiction and a high bond is

necessary to assure his presence at trial. *See Castellanos*, 420 S.W.3d at 883; *see also Brown*, 11 S.W.3d at 503.

Viewing the entire record in favor of the trial court's ruling, we find that the trial court could reasonably conclude that a $750,000 bond was justified and did not abuse its discretion by refusing to further reduce the bond amount. *See Rubac*, 611 S.W.2d at 849-50; *see also* Tex. Code Crim. Proc. Ann. art. 17.15. We overrule Soria's issue and affirm the trial court's order denying Soria's application for writ of habeas corpus.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 6, 2015
Opinion Delivered June 24, 2015
Do not publish

Before Kreger, Horton and Johnson, JJ.

9