In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-17-00484-CR

EX PARTE BRANDON COLEMAN

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 17-27953

## MEMORANDUM OPINION

On September 27, 2017, a grand jury indicted Brandon Coleman for capital murder, and the trial court set bond at $1,000,000. Coleman then filed an application for writ of habeas corpus, in which he argued that he must be released on personal recognizance bond or reduced bail because the State "is awaiting the results of DNA testing and forensic cellular data and could not proceed with trial[.]" *See* Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1) (West 2015). The trial court granted relief by reducing Coleman's bond to $750,000. In a single appellate issue, Coleman contends that the trial court abused its discretion by refusing to release him on an affordable

1

bond because the State was not ready for trial within ninety days of his arrest. We affirm the trial court's order.

We review the granting or denial of an application for writ of habeas corpus under an abuse of discretion standard. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd); *Ex parte Craft*, 301 S.W.3d 447, 448 (Tex. App.—Fort Worth 2009, no pet.) (mem. op. on reh'g). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Id*. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially findings that are based on an evaluation of credibility and demeanor. *Ex parte Klem*, 269 S.W.3d at 718. We afford the same deference to the trial court's rulings on application of law to fact questions when resolution of those questions turns on an evaluation of credibility and demeanor. *Id*. We review the determination *de novo* when resolution of those questions turns on an application of legal standards. *Id*.

As stated above, Coleman alleged in his application for writ of habeas corpus that article 17.151 of the Texas Code of Criminal Procedure mandates that he either be released on personal bond or have his bail reduced because the State was not ready for trial within ninety days from the commencement of his detention. Attached to Coleman's application as an exhibit was a transcript of the announcement docket

2

of November 13, 2017. During that proceeding, the prosecutor advised the trial judge that "[w]e're still waiting on DNA in this case[,]" and that Coleman had turned a cell phone over to the police. The State did not formally announce either "ready" or "not ready." The Court reset the case for sixty days, and Coleman did not object to the resetting.

At the hearing on Coleman's application for writ of habeas corpus, the trial judge stated, "it looks like . . . everyone agreed that the DNA is necessary, and [defense counsel] agreed the other day when we were in court that you needed the reset just as much as the State. So, I was a little confused when I got this." Defense counsel argued that the State was not ready to proceed at the announcement hearing. The trial judge indicated that the State had not announced one way or another and that she had not requested such a specific announcement. The prosecutor stated that she had not announced ready and said that doing so would be "premature at this point because we're waiting on DNA." In addition, the prosecutor noted that both sides were awaiting results from DNA and cell phone analysis and suggested that the trial judge reduce Coleman's bond to $750,000, and the trial judge did so. At the conclusion of the hearing, the prosecutor explained, "the State is wanting to move forward with this and announce ready as soon as we can." On January 18, 2018, the

3

State filed an announcement of ready, saying that "[t]he State is and has been ready for trial in . . . this cause since indictment on September 27, 2017."

Article 17.151, section 1(1) of the Texas Code of Criminal Procedure provides as follows:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: (1) 90 days from the commencement of his detention if he is accused of a felony[.]

Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). The State bears the burden of making a *prima facie* showing that it was ready for trial within the 90-day period, either announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time. *Jones v. State*, 803 S.W.2d 712, 717 (Tex. Crim. App. 1991). In this case, the State did not unequivocally announce "ready" or "not ready" at either the announcement hearing or the hearing on Coleman's application for writ of habeas corpus, and the State retrospectively announced that it had been ready since Coleman was indicted. Accordingly, we conclude that article 17.151, section 1(1) did not require the trial judge to either release Coleman on a personal recognizance bond or to reduce his bond. *See id*.; *see also* Tex. Code Crim. Proc. Ann. art. 17.151, §1(1).

4

We will generously construe Coleman's issue as also attacking the amount of his reduced bond. Excessive bail is constitutionally prohibited. U.S. Const. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13. When setting bail, certain criteria apply: (1) "bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with[;]" (2) the power to require bail is not to be used as an instrument of oppression; (3) the nature and circumstances of the offense must be considered; (4) "[t]he ability to make bail is to be regarded, and proof may be taken upon this point[;]" and (5) the future safety of the victim and the community shall be considered. Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015). Other factors to consider include family and community ties, length of residency, aggravating factors involved in the offense, work history, prior criminal record, and previous and outstanding bail. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981). We review a trial court's bail decisions under an abuse of discretion standard of review. *See* Tex. Code Crim. Proc. Ann. art. 17.15; *Rubac*, 611 S.W.2d at 850. The burden of showing that bail is excessive lies with the defendant. *Rubac*, 611 S.W.2d at 849.

Coleman presented no testimonial or documentary evidence regarding his assets and financial resources. "Just as a defendant's inability to afford bail does not, in itself, demonstrate that bail is excessive, a defendant's ability to afford bail in the

5

amount set does not, in itself, justify bail in that amount." *Cooley v. State*, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A bond reduction is not favored "when the defendant makes vague references to inability to make bond without detailing his specific assets and financial resources." *Id.* Accordingly, the trial court could reasonably conclude that Coleman's evidence regarding his financial circumstances was inadequate. *See Ex parte Castellanos*, 420 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Ex parte Castillo-Lorente*, 420 S.W.3d 884, 889 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Cooley*, 232 S.W.3d at 236-37.

Additionally, Coleman was charged with capital murder. If convicted, Coleman would face death or imprisonment for life without parole.[1] *See* Tex. Penal Code Ann. §§ 12.31, 19.03 (West Supp. 2017). When an offense may result in a substantial prison sentence, bail must be set sufficiently high to assure the defendant's presence at trial. *Castellanos*, 420 S.W.3d at 888-89; *Brown v. State*, 11 S.W.3d 501, 503 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Given the seriousness of the offense and the potential for either a lengthy sentence or death, the trial court could reasonably conclude that Coleman has a strong incentive to flee

---

[1]When the hearing on Coleman's application for writ of habeas corpus occurred, the State indicated that it had not yet decided whether to seek the death penalty.

the jurisdiction and a high bond is necessary to assure Coleman's presence at trial. *See Castellanos*, 420 S.W.3d at 888-89; *see also Brown*, 11 S.W.3d at 503.

Viewing the entire record in favor of the trial court's ruling, we hold that the trial court could reasonably conclude that a $750,000 bond was justified and did not abuse its discretion by not further reducing the bond amount. *See Rubac*, 611 S.W.2d at 850; Tex. Code Crim. Proc. Ann. arts. 17.15, 17.151, § 1(1). Coleman obtained the relief he requested when the trial judge reduced his bond. For all of these reasons, we overrule Coleman's sole issue and affirm the trial court's order.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 21, 2018
Opinion Delivered March 21, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.