**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00269-CR**
**NO. 09-18-00270-CR**
_____

**EX PARTE CHARLES CHRISTOPHER PITTMAN**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 18-29310 and 18-29311**

_____

**MEMORANDUM OPINION**

A grand jury indicted Charles Christopher Pittman[1] on one first-degree felony charge of possession of a controlled substance (cocaine) and one second-degree felony charge of possession of a controlled substance (methamphetamine), and the trial court set bond at $250,000 in each case. Pittman filed a motion to reduce bond in each case. The trial court denied Pittman's motion in both cases. In each case,

---

[1]The indictments identify Pittman as "Charles Christopher Pittman aka Charles Pittman[,]" and the notices of appeal refer to Pittman as "Charles C. Pittman[.]"

1

Pittman then filed an application for writ of habeas corpus seeking reduction of his bond. In his application, Pittman asserted that his bond is excessive, oppressive, and beyond his financial means, and he sought an evidentiary hearing and asked that, after receiving evidence, the trial judge reduce his bond to a reasonable amount. Pittman's counsel sent correspondence to the trial judge "requesting an evidentiary hearing for appellate purposes." Pittman's counsel also filed a memorandum in support of his application for writ of habeas corpus and a sworn statement by Pittman. In the sworn statement, Pittman stated that he had been living with a cousin since 2014, and Pittman has seven children for whom he must pay child support. Pittman also stated that he worked for his father's company for approximately four years, and he receives "a check" from the company. Pittman further stated that he had been convicted of two non-violent felonies in Mississippi, and he denied ever failing to meet his obligations to his bail bondsman or to the trial court. Pittman explained in his sworn statement that he had been on probation twice for five years each time and had successfully completed both, and he stated that his family and friends could provide $5000 for bail. The trial judge signed an order denying Pittman's application in each case, and Pittman appealed.

We review the granting or denial of an application for writ of habeas corpus under an abuse of discretion standard. *Ex parte Craft*, 301 S.W.3d 447, 448 (Tex.

App.—Fort Worth 2009, no pet.) (mem. op. on reh'g); *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Ex parte Craft*, 301 S.W.3d at 448-49; *Ex parte Klem*, 269 S.W.3d at 718. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially findings that are based on an evaluation of credibility and demeanor. *Ex parte Klem*, 269 S.W.3d at 718. We afford the same deference to the trial court's rulings on application of law to fact questions when resolution of those questions turns on an evaluation of credibility and demeanor. *Id*. We review the determination *de novo* when resolution of those questions turns on an application of legal standards. *Id*.

Excessive bail is constitutionally prohibited. U.S. Const. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13. When setting bail, certain criteria apply: (1) "bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with[;]" (2) the power to require bail is not to be used as an instrument of oppression; (3) the nature and circumstances of the offense must be considered; (4) "[t]he ability to make bail is to be regarded, and proof may be taken upon this point[;]" and (5) the future safety of the victim and the community shall be considered. Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015). Other factors to

consider include family and community ties, length of residency, aggravating factors involved in the offense, conformity with previous bond conditions, work history, prior criminal record, ability to make the bond and previous and outstanding bail. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981). We review a trial court's bail decisions under an abuse of discretion standard. *See* Tex. Code Crim. Proc. Ann. art. 17.15; *Rubac*, 611 S.W.2d at 850. The burden of showing that bail is excessive lies with the defendant. *Rubac*, 611 S.W.2d at 849.

"Just as a defendant's inability to afford bail does not, in itself, demonstrate that bail is excessive, a defendant's ability to afford bail in the amount set does not, in itself, justify bail in that amount." *Cooley v. State*, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A bond reduction is not favored "when the defendant makes vague references to inability to make bond without detailing his specific assets and financial resources." *Id*. Accordingly, the trial court could reasonably conclude that Pittman's evidence regarding his financial circumstances was inadequate. *See Ex parte Castellanos*, 420 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Ex parte Castillo-Lorente*, 420 S.W.3d 884, 889 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Cooley*, 232 S.W.3d at 236-37.

Additionally, Pittman was charged with one first-degree felony offense and one second-degree felony offense. If convicted, Pittman would face a punishment range of five to ninety-nine years or life and a fine of up to $10,000 for the first-degree felony case and a punishment range of two to twenty years and a fine up to $10,000 for the second-degree felony case. *See* Tex. Penal Code Ann. §§ 12.32, 12.33 (West 2011). When an offense may result in a substantial prison sentence, bail must be set sufficiently high to assure the defendant's presence at trial. *Castellanos*, 420 S.W.3d at 882-83; *Brown v. State*, 11 S.W.3d 501, 503-04 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Given the seriousness of the alleged offenses and the potential for a lengthy sentence in each case, the trial court could reasonably conclude that Pittman has a strong incentive to flee the jurisdiction and a high bond is necessary to assure Pittman's presence at trial. *See Castellanos*, 420 S.W.3d at 883; *see also Brown*, 11 S.W.3d at 503.

Viewing the entire record in favor of the trial court's ruling, we hold that the trial court could reasonably conclude that a $250,000 bond in each case was justified and did not abuse its discretion by denying Pittman's applications for habeas corpus. *See Rubac*, 611 S.W.2d at 850; Tex. Code Crim. Proc. Ann. art. 17.15. For all these reasons, we overrule Pittman's sole issue and affirm the trial court's order in each case.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 22, 2018
Opinion Delivered November 7, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.