In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-20-00296-CR**
**EX PARTE ALLEN CHRISTOPHER LANCLOS**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 61738**

## MEMORANDUM OPINION

Appellant Allen Christopher Lanclos challenges the trial court's order granting, in part, his application for writ of habeas corpus seeking bail reduction. In a single appellate issue, Lanclos contends that the trial court abused its discretion by failing to sufficiently reduce the amount of his bonds in accordance with article 17.151 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). We affirm the trial court's order.

BACKGROUND

In August 2020, Lanclos was arrested and charged with three felony counts of assault on a public servant. On September 1, 2020, the trial court set Lanclos's bonds at $750,000 each. On September 11, 2020, Lanclos filed an application for

1

writ of habeas corpus under article 17.15 of the Texas Code of Criminal Procedure, in which Lanclos argued that the trial court should set appropriate bonds, because he could not afford his bonds totaling $2,250,000. *See id.* art. 17.15(4). Lanclos's application indicates that he could afford bonds totaling $150,000 or less. Lanclos attached the affidavit of his wife, Kristy, who averred that she had spoken with two bonding companies, and both companies refused to post bond for $2,250,000. Kristy stated that she had to sell property to pay for Lanclos's attorney, and she and Lanclos could not afford to post bonds in the amount of $2,250,000.

On October 9, 2020, the trial court conducted a hearing on Lanclos's application for writ of habeas corpus requesting reasonable bonds, and Kristy's affidavit was the only evidence introduced regarding the amount of bonds that Lanclos could afford. Lanclos did not present any evidence regarding his assets and financial resources. During the hearing, defense counsel indicated that Lanclos could afford bonds totaling $150,000 and asked the trial court to reduce Lanclos's bonds to that amount. The State argued that Lanclos had a violent criminal history, and that when he committed the current offenses, he violated the conditions of his probation associated with a prior offense. After hearing the arguments of counsel, the trial court took the matter under advisement, but the trial court never ruled on the application.

On November 24, 2020, Lanclos filed a second application for writ of habeas corpus, alleging that his confinement violated article 17.151 because ninety days had

elapsed since his arrest without indictment and his three bonds totaling $2,250,000 were beyond his financial means. *See id.* art. 17.151, § 1(1). According to Lanclos, he was entitled to either be released on a personal recognizance bond or to a reduction of his bonds to an affordable amount that he could make to obtain his release.

On December 18, 2020, the trial court conducted a hearing on Lanclos's application for writ of habeas corpus, during which the State failed to appear. Defense counsel advised the trial court that Lanclos had been in jail for more than one hundred days and had not been indicted. Defense counsel did not present any evidence regarding the amount of bond that Lanclos could afford. The trial court granted partial relief by reducing Lanclos's bonds from $750,000 to $500,000 each, totaling $1,500,000.

STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision regarding bail reduction for an abuse of discretion. *See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Smith*, 486 S.W.3d 62, 64 (Tex. App.—Texarkana 2016, no pet.). "A trial court abuses its discretion when it applies 'an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion.'" *Ex parte Smith*, 486 S.W.3d at 64-65 (quoting *DuBose v. State*, 915 S.W.2d 493, 497-

3

98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d at 85, 90 (Tex. Crim. App. 1997)).

Article 17.151, section 1(1) provides as follows:

A defendant who is detained in jail pending trial of an accusation against him *must be released* either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: (1) 90 days from the commencement of this detention if he is accused of a felony[.]

Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1) (emphasis added). Article 17.151 preserves the presumption of innocence by ensuring that an accused, who is untried and unreleased on bond, will not suffer the incidental punitive effect of incarceration during any further delay resulting from prosecutorial exigency. *Ex parte Smith*, 486 S.W.3d at 65. The State bears the burden of making a *prima facie* showing that it was ready for trial within the ninety-day time period. *Id.* The State cannot announce that it is ready for trial when there is no indictment. *Ex parte Castellano*, 321 S.W.3d 760, 763 (Tex. App.—Fort Worth 2010, no pet.). When the State is not ready for trial within ninety days after the accused has been arrested and the accused has remained incarcerated continuously, article 17.151 requires that the trial court either release the accused on a personal bond or reduce bail to an amount the accused can make. *Ex parte Carson*, 215 S.W.3d 921, 924 (Tex. App.—Texarkana 2007, no pet.).

The only evidence in the record regarding Lanclos's ability to make bond is Kristy's affidavit stating that the two bonding companies she spoke with were

4

unwilling to post bond for $2,250,000. Lanclos presented no testimonial or documentary evidence regarding his assets and financial resources. A bond reduction is not favored "when the defendant makes vague references to inability to make bond without detailing his specific assets and financial resources." *Cooley v. State*, 232 S.W.3d 228, 236 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Ex parte Castellanos*, 420 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Based on this record, the trial court could have reasonably concluded that Lanclos's evidence regarding his financial circumstances was inadequate and that it was justified in reducing Lanclos's total bonds from $2,250,000 to $1,500,000. *See Cooley*, 232 S.W.3d at 236; *Ex parte Castellanos*, 420 S.W.3d at 883.

Viewing the entire record in favor of the trial court's ruling, we hold that the trial court did not abuse its discretion by failing to further reduce the amount of Lanclos's bonds. *See Ex parte Gill*, 413 S.W.3d at 428; Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). Lanclos obtained relief when the trial judge reduced the amount of his bonds by $750,000. Accordingly, we overrule Lanclos's sole issue and affirm the trial court's order.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on February 18, 2021
Opinion Delivered March 10, 2021
Do Not Publish
Before Golemon, C.J., Kreger and Johnson, JJ.